101 N.J. Super. 94 (1968)
243 A.2d 272
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOSEPH STRUPP, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 6, 1968.
Decided May 23, 1968.
Before Judges CONFORD, COLLESTER and LABRECQUE.
*95 Mr. Carl R. Soller, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Peter Murray, Public Defender, attorney).
Mr. Raymond R. Trombadore, Assistant Prosecutor, argued the cause for respondent (Mr. Michael R. Imbriani, Prosecutor of Somerset County, attorney).
The opinion of the court was delivered by LABRECQUE, J.A.D.
Defendant appeals from denial of his petition for post-conviction relief.
Defendant previously pleaded non vult to two indictments charging him with sodomy in violation of N.J.S. 2A:143-2. On June 4, 1954 he was sentenced pursuant to the Sex Offender Act, N.J.S. 2A:164-3, to two indeterminate terms in the New Jersey State Hospital at Greystone Park, to be served concurrently.
In January 1962 defendant moved for correction of his sentence alleging that he should not have been sentenced under the Sex Offender Act. His motion was granted and he was resentenced on June 29, 1962 to not less than 12 nor more than 15 years in State Prison on each indictment, to run consecutively, with credit for 3,036 days already served. Defendant's petition for post-conviction relief sought a holding that his new prison terms were to be served concurrently rather than consecutively. Relief was denied and the present appeal followed.
In substance, defendant's challenge to the judgment below is based upon his contention that in correcting his admittedly illegal sentences in 1962 the sentencing judge was precluded from making the new sentences consecutive where they had previously been concurrent.
The State urges that State v. Weeks, 6 N.J. Super. 395 (App. Div. 1950), is dispositive of the point raised. In that case defendant had pleaded guilty to a number of separate charges and had been sentenced on each, the sentences to run concurrently. It was later determined that the major sentence *96 imposed was illegal (because defendant had not been charged as a third offender), whereupon defendant was resentenced to a legal term, but to run consecutively to, rather than concurrently with, the sentences imposed for the other offenses. Defendant there contended that since the sentence had been held to be invalid only because it had exceeded the maximum term permissible, it was correctable only in that regard and the new sentence could not be extended by making it consecutive to the other terms. We held that in considering what term should be imposed at the resentencing the judge was free to determine not only the term of years but also whether it should be served consecutively to or concurrently with the other valid sentences. See also State v. Stephenson, 41 N.J. Super. 315, 322 (App. Div. 1956).
Defendant urges that our holding in Weeks followed that of the United States Court of Appeals in Kitt v. United States, 138 F.2d 842 (4 Cir. 1943), and that the effect of that decision had been subsequently circumscribed in Kennedy v. United States, 330 F.2d 26 (9 Cir. 1964) and Patton v. State of North Carolina, 256 F. Supp. 225 (W.D.N.C. 1966), affirmed 381 F.2d 636 (4 Cir. 1967), certiorari denied 390 U.S. 905, 88 S.Ct. 818, 19 L.Ed.2d 871 (1968). In Kitt, where the case had been remanded for "an entirely new sentence," it was held that the sentencing judge could impose "any sentence which was within the limits prescribed by the statute." In Kennedy, where defendant had been sentenced to two ten-year concurrent terms for offenses which carried a maximum penalty of but five years, it was held that the sentences were void only as to the excess over five years and that in correcting them, the court could not order that they be served consecutively in order to carry out what was apparently the original intention of the sentencing judge. Accord, Duggins v. United States, 240 F.2d 479, 481-482 (6 Cir. 1957). See 8 Moore, Federal Practice, § 35.03(2) (1968).
In Patton defendant's conviction (for which he had received a 20-year prison term) had been set aside on constitutional *97 grounds. He was again convicted and thereupon sentenced to a term which was five years in excess of that previously imposed, but against which he was allowed credit for the five years he had already served. The District Court held the new sentence invalid on the ground that the increased punishment violated the due process and equal protection clauses of the Fourteenth Amendment to the Federal Constitution. The Circuit Court of Appeals affirmed, concluding that:
"* * * increasing Patton's punishment after the reversal of his initial conviction constitutes a violation of his Fourteenth Amendment rights in that it exacted an unconstitutional condition [the risk of a greater sentence or a denial of credit for time already served] to the exercise of his right to a fair trial, arbitrarily denied him the equal protection of the law, and placed him twice in jeopardy of punishment for the same offense." (381 F.2d, at p. 646)
Compare United States v. White, 382 F.2d 445 (7 Cir. 1967) (upholding greater sentence based upon an expanded presentence report which revealed events subsequent to defendant's first conviction); United States v. Russell, 378 F.2d 808 (3 Cir. 1967), certiorari denied, Starner v. Russell, 389 U.S. 889, 88 S.Ct. 166, 19 L.Ed.2d 189 (1967).
We find it unnecessary to determine whether the cases defendant cites call for any modification of the rule enunciated in State v. Weeks, supra. They clearly are not applicable to the facts before us. The defect in defendant's original sentence was not confined, as defendant claims, to the length of his confinement (in terms of minimums and maximums) but involved his entire sentence.
The statute, N.J.S. 2A:164-5, provides that a defendant, who on the basis of a written report from the Diagnostic Center is found to be a sex offender, shall be required by the court, upon recommendation of the Diagnostic Center, to undergo specialized treatment for his "mental and physical aberrations." In such case the court may commit defendant to an institution to be designated by the Commissioner of Institutions and Agencies for treatment, N.J.S. 2A:164-6, *98 in which case the commitment may not exceed the maximum length of sentence permitted by law for the crime of which defendant has been convicted. In the instant case, the court having first mistakenly determined from the report that defendant required treatment as a sex offender, imposed concurrent rather than consecutive commitments to Greystone Park. Obviously, since defendant's commitment on the first charge was for the purpose of curing him of his "aberrations," his detention thereafter for any additional time under the second charge would have served no useful purpose.
When on defendant's motion it was made apparent that defendant's sentencing as a sex offender was without warrant, the sentences became inoperative in their entirety and were properly vacated. Cf. State v. Flood, 32 N.J. Super. 161 (App. Div. 1954). Accordingly, the sentencing judge was not bound by the provisions of the prior sentences in any respect but was free to consider anew the term of years to be imposed for each offense and whether they should be served consecutively or concurrently.
The judgment is affirmed.