103 N.J. Super. 441 (1968)
247 A.2d 492
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
MATTHEW LANISH, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 4, 1968.
Decided November 19, 1968.
*442 Before Judges SULLIVAN, FOLEY and LEWIS.
Mr. Victor Friedman argued the cause for appellant (Mr. Edward A. Penberthy, on the brief).
Mr. Martin J. Queenan, Burlington County Prosecutor, argued the cause for respondent (Mr. Myron H. Gottlieb, on the brief).
The opinion of the court was delivered by SULLIVAN, S.J.A.D.
Defendant appeals from a judgment of the County Court finding him guilty of a violation of N.J.S.A. 39:4-50(a) (operating a motor vehicle while under the influence of intoxicating liquor).
On January 21, 1967, at about 10:45 P.M., while operating his motor vehicle in the City of Burlington, defendant ran into the rear of an automobile which was stopped at an intersection for a red light. A police officer who arrived at the scene observed that defendant appeared to be intoxicated. He took him to a nearby State Police barracks where defendant submitted to the taking of a Harger drunkometer test which showed that he had .15% by weight of alcohol in his blood. Defendant was thereupon issued a summons charging him with a violation of N.J.S.A. 39:4-50(a) (operating a motor vehicle while under the influence of intoxicating liquor). Defendant was also issued a summons for careless driving which is not involved in this appeal.
*443 Defendant was tried in the Burlington Municipal Court on the aforesaid charge. After hearing the proofs the municipal court judge found him guilty of a violation of N.J.S.A. 39:4-50(b) (operating a motor vehicle while his ability to operate was impaired). Defendant was fined $50 and costs, and his license revoked for a period of six months.
Defendant took an appeal to the County Court. Since no stenographic record had been made of the trial in the municipal court, a plenary trial de novo was had in the County Court, as provided by R.R. 3:10-10(a). At that trial defense counsel took the position that the municipal court, by finding defendant guilty of the lesser offense of operating his motor vehicle while his ability to do so was impaired, had necessarily acquitted him of the more serious charge of operating a motor vehicle while under the influence of intoxicating liquor. He therefore argued that the only charge on which defendant could be tried at the plenary trial de novo was the one on which he had been found guilty by the municipal court. However, the County Court judge held that the determination by the municipal court in no way restricted the County Court from proceeding on the original charge.
After considering the proofs submitted on the plenary trial de novo, the county court judge, as heretofore noted, found defendant guilty of a violation of N.J.S.A. 39:4-50(a) (operating a motor vehicle while under the influence of intoxicating liquor). Defendant was fined $200 and costs, and his driving privileges were suspended for a period of two years.
We turn to the merits of the appeal.
A prosecution for drunken driving is in the nature of a quasi-criminal proceeding and must be so conducted as to respect and safeguard the basic rights normally accorded one accused of a criminal offense. State v. Guerrido, 60 N.J. Super. 505, 510 (App. Div. 1960). So viewed, we conclude that defendant's conviction by the County Court of a violation of N.J.S.A. 39:4-50(a) cannot stand and must be modified. An appeal to the County Court from a judgment *444 of conviction in the municipal court is taken under R.R. 3:10. While the rule designates the proceedings in the County Court as a trial de novo, "[I]t is plain under the cases and rules that the flavor of the de novo review in the County Court is appellate." City of Passaic v. Passaic County, 54 N.J. Super. 254, 259 (App. Div. 1959). Indeed, R.R. 3:10-1 provides that the only method of "reviewing a judgment of conviction" (emphasis added) entered in an inferior court of limited criminal jurisdiction shall be by appeal under the rule.
The municipal court, by finding defendant guilty of operating his motor vehicle while his ability to do so was impaired, manifestly found him not guilty of the charge of violating N.J.S.A. 39:4-50(a) (operating his motor vehicle while under the influence of intoxicating liquor). Having been acquitted of such charge, it was constitutionally impermissible for the County Court to try defendant again for the same offense. N.J. Const., Art. I, par. 11. Defendant cannot be put to the dilemma of accepting what he believes to be an erroneous conviction or, by appealing therefrom, risk retrial on a charge of which he has been acquitted. Cf. State v. Wolf, 46 N.J. 301 (1966).
Defendant also contends that the State did not establish a proper foundation for the admission into evidence of the results of the drunkometer test, and that his motion to dismiss, made at the end of the State's case, should have been granted. This argument lacks merit. A proper foundation was established for the admission of the drunkometer reading. That evidence, together with the other proofs presented by the State, was sufficient to establish a prima facie case and adequately supports the County Court's findings.
However, as heretofore noted, since defendant on the plenary trial de novo could not legally be convicted of a violation of N.J.S.A. 39:4-50(a), the matter must be remanded to the County Court to modify its judgment of conviction to a violation of N.J.S.A. 39:4-50(b), and to impose an appropriate sentence. So ordered.