119 N.J. Super. 314 (1972)
291 A.2d 385
BOROUGH OF ROSELLE, PLAINTIFF-APPELLANT,
v.
SANTONE CONSTRUCTION CO., INC., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted May 15, 1972.
Decided May 31, 1972.
*315 Before Judges SULLIVAN, LEONARD and CARTON.
Mr. Irving F. Strum, attorney for appellant.
Messrs. Post and Staub, attorneys for respondent (Mr. John N. Post, on the brief).
PER CURIAM.
The municipal court adjudged defendant-builder guilty of violating an ordinance of the Borough of Roselle which required use of plaster or plaster board on all partitions and interior walls except basements and cellars. The court imposed a fine of $100 per day until defendant remedied the situation. On appeal the County Court affirmed the conviction but suspended the sentence. The municipality appeals.
We find no merit in the argument advanced by the municipality that the power to suspend sentences conferred in N.J.S.A. 2A:168-1 does not apply to corporate defendants. Corporations, although artificial persons, are entitled to rights under our laws. We note that under N.J.S.A. 1:1-2 the word "person" is defined to include corporations. The term "defendant" as used in N.J.S.A. 2A:168-1 must be construed to include corporations. The *316 imposition of a penalty or its suspension was within the discretion of the court.
Furthermore, we note that plaintiff-municipality has stated that it is "primarily interested in compliance with the municipal ordinance and not punishment." If the municipality's main interest is compelling compliance with its building code, other remedies are available.
It should be pointed out that this is an appeal by the municipality, apparently in the interest of the State, seeking to review the suspension of sentence on a criminal conviction. It is at least doubtful whether such rights exist in the light of State v. Lanish, 103 N.J. Super. 441 (1968), aff'd o.b. 54 N.J. 93 (1969).
Affirmed.