125 N.J. Super. 332 (1973)
310 A.2d 731
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
NATHANIEL SHEPPARD, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted September 10, 1973.
Decided October 17, 1973.
*333 Before Judges CONFORD, HANDLER and MEANOR.
*334 Mr. Sherwin D. Lester, Bergen County Prosecutor, attorney for appellant (Mr. Peter A. Jeffer, Assistant Prosecutor, of counsel and on the brief).
Mr. Theodore E. Maloof, attorney for respondent.
The opinion of the court was delivered by CONFORD, P.J.A.D.
This is an appeal by the State and a cross-appeal by the defendant from an affirmance on trial de novo by the Bergen County Court of a conviction of defendant by the Bergen County District Court of driving a motor vehicle while under the influence of alcohol, contrary to N.J.S.A. 39:4-50(a). The affirmance was on the county district court transcript.
The county district court sentenced defendant as a second offender to the county jail for three months and revoked his driver's license for a period of ten years. However, the jail term was suspended and defendant placed on probation for two years. The State appealed the suspension, contending imprisonment for three months was mandatory under the statute, while the defendant cross-appealed the finding of guilt of the substantive offense. The County Court, on appeal, reaffirmed guilt and imposed the same suspended jail term as had the county district court.
Defendant's appeal requires no extended discussion. There was ample proof to support the fact findings below that defendant was under the influence of intoxicating liquor while operating his motor vehicle at the time and place charged.
As to the State's appeal, defendant contends that the State had no right to appeal the suspension of sentence, the case not falling within any of the provisions of R. 2:3-1(b), which purports to list the instances in which the State may appeal in criminal actions. Before addressing ourselves to that question, we hold that the action of the lower tribunals in suspending a prison sentence of a repetitive drunk-driving offender constituted error and an exercise of jurisdiction those courts did not possess.
*335 The Supreme Court squarely ruled in State v. Johnson, 42 N.J. 146, 174-176 (1964), (1) that "on the face of and in the light of the legislative history of N.J.S.A. 39:4-50, imprisonment was intended to be mandatory on conviction for the second and all subsequent violations thereof" (at 174);[1] and (2) that no other statute extant, including N.J.S.A. 2A:168-1, the general probation statute, on which the county district court relied in the instant case, overcomes the unequivocal command of the motor vehicle law for mandatory imprisonment of a second offender. Although the State says the Johnson case was called to its attention, the county district court's supplemental opinion does not cite it. The County Court also by-passed Johnson, announcing its agreement with the county district court that imprisonment was discretionary with the court. It is elementary that a Supreme Court opinion construing a statute is binding on all lower courts so long as the statute remains unchanged. The Supreme Court has observed: "Trial judges are privileged to disagree with the pronouncements of appellate courts; the privilege does not extend to non-compliance." Reinauer Realty Corp. v. Paramus, 34 N.J. 406, 415 (1961).
Turning to the procedural question, we conclude that in the existing circumstances we have the right and duty on this appeal to vacate the illegal suspension of sentence and order the mandatory jail term to be served by the defendant. Either of two approaches justifies the determination: (1) defendant's cross-appeal brings the judgment of conviction and sentence before us, and permits us to correct an illegal sentence brought to our attention, even if it were conceded that the State had no right to appeal; (2) the State had the right to invoke the substance of the certiorari jurisdiction of the Superior Court, inherited under the Constitution of 1947 *336 from the former Supreme Court, to superintend and correct the act of an "inferior" court beyond its jurisdiction. Neither approach entails a disturbance of the fundamental principle that the State may not have review of an acquittal of a defendant in a criminal case, see Newark v. Pulverman, 12 N.J. 105 (1953), or take an appeal which would again place a defendant in jeopardy. Both approaches would subserve due appellate superintendence of the orderly administration of justice by trial courts  and here in a vital area of public policy. See State v. Macuk, 57 N.J. 1, 8 (1970).

A
It is well established that an illegal sentence is "correctible at any time," State v. Fisher, 115 N.J. Super. 373, 378 (App. Div. 1971); State v. Weeks, 6 N.J. Super. 395 (App. Div. 1950); State v. Strupp, 101 N.J. Super. 94 (App. Div. 1968); State v. Heslip, 99 N.J. Super. 97, 100 (App. Div. 1968), certif. den. 51 N.J. 570 (1968), cert. den. 393 U.S. 928, 89 S.Ct. 265, 21 L.Ed.2d 265 (1968). In several of the cases cited the principle was applied by the court on an appeal to the Appellate Division by a defendant in criminal proceedings, although the illegality corrected concerned an aspect of the sentencing not brought in question by defendant. As stated in State v. Strupp, supra, an illegal sentence becomes "inoperative in [its] entirety and [is] properly vacated" (101 N.J. Super. at 98). In In Re Nicholson, 69 N.J. Super. 230 (App. Div. 1961) an illegal sentence was corrected on an appeal by the State.
Thus, the judgment of conviction and sentence being exhibited before the court on the defendant's cross-appeal, and the illegality in the sentence (the suspension) confronting the court on the face of the record, it becomes our right and duty to correct the sentence by excising the suspension.

B
As already noted, we take the view that the suspension of sentence in this case was totally beyond the jurisdiction of either of the trial courts in the light of the statutory mandate *337 for a jail term for a second offender. The former Supreme Court's jurisdiction by certiorari to review and correct, among other things, actions outside their jurisdiction by so-called inferior tribunals of divers kinds is undoubted.
The office of the common-law writ of certiorari is to bring before the Superior Court for inspection the record of the proceedings of the inferior tribunal, to determine whether the latter had jurisdiction and had proceeded according to law. Errors of law as well as jurisdictional excesses are remediable on certiorari. [State v. Court of Common Pleas, 1 N.J. 14, 19 (1948)]
By virtue of the Judicial Article of the Constitution of 1947, the prerogative writs, including certiorari, were superseded, and it was declared that "review, hearing and relief" in lieu thereof should be afforded in the Superior Court on the terms and in the manner provided by rules of court, as of right except in criminal cases where such review should be discretionary. Art. VI, § V, par. 4. The reference therein to criminal cases was motivated by the fact that the former review by certiorari of an indictment in advance of trial was discretionary. See 2 Proceedings of Constitutional Convention of 1947, Report of Committee on the Judiciary, at 1193. There is no suggestion in the Judicial Article or elsewhere that the transfer of the former certiorari jurisdiction to the new Superior Court did not include the authority to correct excesses of jurisdiction in lower tribunals in criminal cases, whatever the comprehensive appellate review in criminal matters, generally, vested in the Appellate Division of the Superior Court pursuant to Art. VI, § V, par. 2. There has been frequent iteration of the understanding that the Superior Court has succeeded generally to the jurisdiction of the old Supreme Court in all prerogative writ cases. See, e.g., Barry v. Wallace J. Wilck, Inc., 65 N.J. Super. 130, 139 (App. Div. 1961).
It is evident, as defendant argues, that R. 2:3-1(b) seems to catalogue all the situations in which the State may appeal *338 in a criminal case; also that the instances there specified do not include final judgments of conviction.
Since, however, it is the Constitution, not the rules of court, which is the source of the underlying in-lieu-of jurisdiction of the Superior Court, the rules representing, under the Constitution, only the ordained mode of exercise of such jurisdiction, we should not be astute to read R. 2:3-1(b) as prohibiting by inference an invocation by the State of the present equivalent in this court of the former certiorari jurisdiction to correct a usurpation of jurisdiction by a lower judicial tribunal. Indeed, the practice rule appears intended to afford the State broadly comprehensive review except for adjudications of acquittal and interlocutory orders during trial. The instance of an illegal sentence on conviction, to the prejudice of the State, or any other form of usurpation of jurisdiction in a final criminal judgment, appears to us as an unintended casus omissus in the rule. We can conceive of no consideration of basic fairness to, or of constitutional rights of, a criminal defendant which would argue against the right of the State to vindicate a statutory sentencing policy by pursuing timely appellate review of an illegal sentence  one beyond the jurisdiction of the sentencing tribunal. We will not, therefore, imply from the promulgation of R. 2:3-1(b) an intent of the Supreme Court to deny the State such review.
Reasoning paralleling the foregoing conclusions is found in State v. Salinas, 362 P.2d 298 (Alaska Sup. Ct. 1961). A trial court had granted a new trial for newly discovered evidence after a conviction had been affirmed on appeal. The trial court action was held beyond its power under the controlling statutes and rules. In meeting the defendant's argument that the State had no right to raise the point on appeal in view of the practice rule permitting the State to appeal in a criminal case only to test the sufficiency of an indictment, the court held that in view of the replacement of the writs of prohibition and mandamus (formerly available to adjudicate *339 absence of jurisdiction in a court) by a petition for review the State was entitled to urge the jurisdictional point by a petition for review. Cf. State v. LaFera, 42 N.J. 97, 103 (1964), mentioning the "distinction," for State appeal purposes, "between the traditional motion for a new trial and a proceeding for relief based upon lack of jurisdiction * * *."
Defendant cites Roselle v. Santone Const. Co., Inc., 119 N.J. Super. 314 (App. Div. 1972), where the court expressed doubt of a municipality's right to appeal a suspension by the County Court of a fine against a corporation imposed for violation of a municipal building ordinance, the municipal argument being that corporations were not entitled to suspensions of sentence. The court cited State v. Lanish, 103 N.J. Super. 441 (App. Div. 1968), aff'd o.b. 54 N.J. 93 (1969). However, in Lanish it was held that where a defendant was charged with driving under the influence of alcohol and was found guilty in the municipal court only of driving while "impaired," the County Court could not on defendant's appeal of that determination adjudicate him guilty of driving "under the influence," as the municipal court decision was tantamount to an acquittal on the latter charge, constitutionally precluding a retrial of the charge in the County Court. The case plainly is no authority against appellate correction of an illegal sentence at the instance of the State.
For the reasons stated, the judgment of the County Court is modified to exscind the suspension of the jail sentence, and as thus modified the sentence is affirmed.
NOTES
[1] By amendment of the act by L. 1964, c. 137, the court may suspend the prison sentence if the second offense occurs ten or more years after the previous conviction.