**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4973-16T4

STATE OF NEW JERSEY,

     Plaintiff-Appellant,

v.

LLOYD N. RIDDICK, a/k/a
TIGUE LLOYD RIDDICK,

     Defendant-Respondent.

_____

> Argued November 9, 2018 – Decided November 19, 2018
>
> Before Judges Simonelli and Whipple.
>
> On appeal from Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 17-04-0560.
>
> Justin M. Blasi, Special Deputy Attorney General/ Acting Assistant Prosecutor, argued the cause for appellant (Dennis Calo, Acting Bergen County Prosecutor, attorney; Justin M. Blasi, of counsel and on the brief).
>
> James K. Smith, Jr., Assistant Deputy Public Defender, argued the cause for respondent (Joseph E. Krakora, Public Defender, attorney; James K. Smith, Jr., Susan

C. Green and Michele Friedman, Assistant Deputy Public Defenders, on the brief).

PER CURIAM

Defendant Lloyd N. Riddick pled guilty under N.J.S.A. 2C:40-26(b) to fourth degree operating a motor vehicle during a period of license suspension by operating a motor vehicle while his license was suspended for a second or subsequent violation of N.J.S.A. 39:4-50. On July 24, 2017, the trial court sentenced defendant to 180 days in the county jail under N.J.S.A. 2C:40-26(c), suspended the sentence, and imposed a one-year noncustodial probationary term. On appeal, the State contends the suspended custodial sentence is an illegal sentence requiring reversal. Although we agree the sentence was illegal, we are nonetheless constrained to dismiss this appeal.

The State can move to correct an illegal sentence at any time. State v. Shepard, 125 N.J. Super. 332, 336 (App. Div. 1973). However, the sentence must be corrected before it has been completed. State v. Murray, 162 N.J. 240, 247 (1998). The court may stay a probationary sentence "on appropriate terms if an appeal is filed." R. 2:9-3(c). If the State fails to move for a stay pending appeal and the sentence has already been completed, double jeopardy principles will bar a sentence increase. See State v.Farr, 183 N.J. Super. 463, 470-72 (App. Div. 1982). Once the period of probation or sentence suspension is over, the

sentence is complete. See N.J.S.A. 2C:45-2(c). The court cannot enlarge the punishment after the sentence imposed has been satisfied and the defendant discharged. State v. Schubert, 212 N.J. 295, 309 (2012). Notably, the State did not addressed this issue.

The State did not request a stay of sentence, and defendant has completed his probationary term. The sentence cannot be corrected. Accordingly, this appeal must be dismissed.

Appeal dismissed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4973-16T4