**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3277-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JERMAINE VAUGHN,
a/k/a BABY J,

     Defendant-Appellant.

_____

Submitted January 22, 2026 – Decided April 24, 2026

Before Judges Mayer and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 96-12-1402.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Ruth E. Hunter, Designated Counsel, on the brief).

Janetta D. Marbrey, Mercer County Prosecutor, attorney for respondent (James Hynd, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Jermaine Vaughn appeals from a June 7, 2024 order denying his motion to correct an illegal sentence and for resentencing. We affirm substantially for the reasons stated by Judge Robert W. Bingham, II, in his oral decision.

I.

In June 1995, when defendant was nineteen years old, he and co-defendant Jeremiah Bass were arrested and later indicted for first-degree felony murder, N.J.S.A. 2C:11-3(a)(3) and 2C:2-6 (count one); first-degree robbery, N.J.S.A. 2C:15-1 and 2C:2-6 (counts two and three); and second-degree possession of a weapon for unlawful purpose, N.J.S.A. 2C:39-4(a) (count four). Count two was dismissed by the trial court prior to trial. Defendant was tried separately from his co-defendant in March 1999 and found guilty of all remaining counts.

At sentencing in June 1999, the trial court merged counts three and four with count one and imposed a term of life imprisonment with a thirty-year period of parole ineligibility. The court found aggravating factors three, six, and nine applied, and no mitigating factors. See N.J.S.A. 2C:44-1(a)(3), (6), (9). The sentence was imposed consecutive to a previous unrelated conviction from 1996. On direct appeal, this court affirmed defendant's conviction and sentence, subject to remand for a supplemental hearing on the admissibility of defendant's

2

confession.  State v. Vaughn, No. A-6299-98 (App. Div. June 26, 2001).  On remand, defendant's confession was deemed admissible.

In July 2022, defendant filed a motion to correct an illegal sentence, arguing:  (1) his youth at the time of the offense warranted resentencing under State v. Comer, 249 N.J. 359 (2022); (2) the sentencing court imposed consecutive sentences without justifying the overall fairness of the aggregate sentence, contrary to State v. Yarbough, 100 N.J. 627 (1985), and State v. Torres, 183 N.J. 554 (2005); and (3) the court improperly found aggravating factor six, N.J.S.A. 2C:44-1(a)(6), basing the sentence imposed, in part, on pending charges later dismissed.

After oral argument, Judge Bingham denied the application, finding Comer did not apply to defendant, who was nineteen at the time of the offense. The judge concluded the sentencing issues raised were either previously litigated or did not render the sentence illegal.

Defendant timely appealed, raising the following points:

> POINT I
>
> THE MOTION COURT SHOULD HAVE RESENTENCED DEFENDANT PURSUANT TO N.J. Ct. R. 3:21-10(b)(7) BECAUSE SEVEN PRIOR JUVENILE ARRESTS THAT WERE USED BY THE SENTENCING COURT TO AGGRAVATE DEFENDANT'S SENTENCE WERE DISMISSED

3

SUBSEQUENT TO DEFENDANT'S SENTENCE AND DIRECT APPEAL. ADDITIONALLY, THE MOTION COURT CLEARLY ERRED IN FINDING THAT THE ISSUE WAS RAISED ON DIRECT APPEAL.

POINT II

SINCE DEFENDANT MUST BE RESENTENCED, THE PRINCIPLES OF MILLER v. ALABAMA, 567 U.S. 460 (2012), AND STATE v. COMER, 249 N.J. 359 (2022), WHEN SENTENCING JUVENILES SHOULD APPLY BECAUSE DEFENDANT'S SENTENCE WAS IMPOSED WITHOUT CONSIDERATION THAT HE WAS A 19-YEAR-OLD "LATE ADOLESCENT" AT THE TIME OF THE OFFENSES AND BECAUSE HE HAS SERVED WELL OVER 20 YEARS.

II.

We review the disposition of a motion to correct an illegal sentence de novo. State v. Acevedo, 205 N.J. 40, 45 (2011); State v. Drake, 444 N.J. Super. 265, 271 (App. Div. 2016). "[A]n illegal sentence is one that 'exceeds the maximum penalty . . . for a particular offense' or a sentence 'not imposed in accordance with law,'" including constitutional safeguards. Acevedo, 205 N.J. at 45 (quoting State v. Murray, 162 N.J. 240, 247 (2000)); see also State v. Zuber, 227 N.J. 422, 437 (2017). An illegal sentence "may be corrected at any time before it is completed." Murray, 162 N.J. at 247 (citing State v. Sheppard, 125 N.J. Super. 332, 336 (1973)); see also R. 3:21-10(b).

4

We first address defendant's resentencing argument under Comer.  In Comer, the Supreme Court held juvenile offenders sentenced under the homicide statute may petition for review after twenty years in prison.  249 N.J. at 403.  The Court emphasized the constitutional differences between juveniles and adults for sentencing purposes, relying on Miller and Graham v. Florida, 560 U.S. 48 (2010).  Ibid.

However, Comer expressly limited its holding to juveniles—individuals under eighteen at the time of the offense.  Id. at 371, 374.  The Legislature has chosen eighteen as the threshold age for adulthood in criminal sentencing.  N.J.S.A. 2A:4A-22(a)-(b); State v. Ryan, 249 N.J. 581, 600 n.10 (2022); State v. Jones, 478 N.J. Super. 532, 549-51 (App. Div.), certif. denied, 259 N.J. 304 (2024).

In Jones, we reaffirmed that Comer does not extend to offenders aged eighteen to twenty at the time they committed their offense.  478 N.J. Super. at 549-50.  As an intermediate appellate court, we are bound by our Supreme Court's limitation of Comer to juveniles.  Because defendant was nineteen years old at the time of the offense, he is not entitled to resentencing under Comer or Miller.  The motion court correctly found the protections afforded to juveniles do not apply to adults.

Further, we reiterate the reason cited by the <u>Jones</u> court in declining to expand the holding in <u>Comer</u>:

> [w]e decline defendants' invitation to extend the holding in <u>Comer</u> for two reasons. Initially, we conclude the Court's decision was limited to juvenile offenders tried and convicted of murder in adult court. In our view, the Court neither explicitly nor implicitly extended this right of sentence review to offenders who [were] between eighteen and twenty years of age when they committed their crimes.
>
> . . . .
>
> Moreover, our institutional role as an intermediate appellate court is a limited one. We are bound to follow the precedents of the United States Supreme Court and the Supreme Court of New Jersey, regardless of whether those precedents might seem outmoded. <u>See</u>, <u>e.g.</u>, <u>State v. Carrero</u>, 428 N.J. Super. 495, 511 (App. Div. 2012) (declining the defendant's request that we reconsider the Supreme Court's holding on the admissibility of Alcotest results); <u>State v. Breitweiser</u>, 373 N.J. Super. 271, 282-83 (App. Div. 2004) (recognizing that, as an intermediate appellate court, we are bound by the Supreme Court's holdings and dicta).
>
> [<u>Id.</u> at 549, 551.]

Next, we address defendant's claim that the sentencing court improperly relied on dismissed juvenile arrests in finding aggravating factor six. This court extensively assessed all of defendant's arguments, remanding to the trial court the issue of whether defendant's statement to police was properly admitted under

6

Miranda.[1]  We determined "all other issues of law raised by defendant on appeal are without sufficient merit to warrant discussion in a written opinion," Vaughn, slip op. at 13 (citing R. 2:11-3(e)(2)), including whether there was "a qualitative weighing of the aggravating and mitigating factors."

Regarding factor six, the sentencing court stated:

> This court finds aggravating factor number six exists, the extent of the defendant's criminal record and the seriousness of the offenses of which he was convicted.  Factually, [defendant] has eight juvenile arrests between 1991 and 1994, resulting in two dismissal[s] and six bench warrants on charges including simple assault and drug offenses.
>
> As an adult, the defendant has an outstanding municipal court bench warrant on one set of drug charges, plus one upper court conviction on 6/30/95 for possession of PCP with intent to distribute, resulting in a sentence of five[-]years incarceration at Yardville.  This defendant was free on bail awaiting sentence on his drug charge when he committed the instant crime.

Based on the foregoing, we are satisfied the court did not infer guilt from dismissed or unadjudicated juvenile charges.  Rather, the court recited defendant's contacts with the criminal justice system without specifically basing its decision on subsequently dismissed or unadjudicated charges.  The

---

[1]  Miranda v. Arizona, 384 U.S. 436 (1966).

A-3277-23

sentencing court then assessed the aggravating factors collectively, imposing a sentence we previously affirmed.

Rule 3:21-10(b)(7) permits resentencing when a prior conviction has been reversed or vacated. Here, the juvenile matters were pending—not convictions or adjudications—and dismissed subsequently. The sentencing court's passing mention of pending charges did not in itself render illegal the sentence imposed. See State v. Cassady, 198 N.J. 165, 182-84 (2009) (affirming sentencing court's consideration of the defendant's prior conviction and "numerous" outstanding matters).

Defendant's remaining arguments regarding the weighing of aggravating and mitigating factors, and the need for a "totality of the evidence" resentencing, do not establish a basis for relief. The sentencing court considered defendant's age, criminal history, and lack of remorse. Notwithstanding the seven dismissed juvenile charges, defendant's criminal history supported application of aggravating factor six, because the imposed sentence was within the statutory range. See State v. Hyland, 238 N.J. 135, 146 (2019) (explaining "even sentences that disregard controlling case law or rest on an abuse of discretion by the sentencing court are legal so long as they impose penalties authorized by

statute for a particular offense and include a disposition that is authorized by law").

In sum, Judge Bingham properly denied defendant's motion to correct an illegal sentence. Defendant was nineteen years old at the time of the offense and is not entitled to resentencing under Comer. The sentencing court's application of aggravating factors was adequately supported by competent evidence, not including pending charges later dismissed, that did not render the sentence illegal.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

9

A-3277-23