**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2009-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

AARON T. SHEPPARD,

    Defendant-Appellant.

_____

<div style="margin-left:2em">

Argued April 29, 2026 – Decided June 23, 2026

Before Judges Gummer and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Gloucester County, Accusation No. 03-10-0811.

Robin Kay Lord argued the cause for appellant (Law Offices of Robin Kay Lord, LLC, attorneys; Robin Kay Lord, on the briefs).

Michael Mellon, Assistant Prosecutor, argued the cause for respondent (Andrew B. Johns, Gloucester County Prosecutor, attorney; Michael Mellon, on the brief).

</div>

PER CURIAM

Defendant Aaron T. Sheppard appeals from a January 23, 2025 order denying his motion to withdraw his guilty plea and for a new trial, or, in the alternative, a reduction of sentence. We affirm, substantially for the reasons stated by Judge Kevin T. Smith in his well-reasoned written decision.

I.

In 2003, when he was twenty years old, defendant was arrested and subsequently pleaded guilty to felony murder, N.J.S.A. 2C:11-3(a)(3). The charge stemmed from the July 9, 2003 murder of Joseph Green, who was found dead at his workplace after suffering blunt-force injuries inflicted in the course of a robbery. On November 21, 2003, the trial court sentenced defendant to a thirty-five-year prison term, subject to a thirty-year period of parole ineligibility pursuant to No Early Release Act, N.J.S.A. 2C:43-7.2.

On appeal, we affirmed defendant's sentence. State v. Sheppard, No. A-0238-04 (Aug. 3, 2005). In 2008, defendant filed a self-represented petition for post-conviction relief (PCR), which was denied without an evidentiary hearing in 2009. In July 2011, we reversed the PCR denial and remanded the matter for an evidentiary hearing. State v. Sheppard, No. A-2079-09 (July 12, 2011). On remand, the court again denied the PCR, and we affirmed. State v. Sheppard,

2

Docket No. A-3967-17 (Jan. 2, 2020).  The Supreme Court denied defendant's petition for certification.  State v. Sheppard, 242 N.J. 128 (2020).

In July 2022, defendant moved for resentencing based on State v. Comer, 249 N.J. 359 (2022), seeking to extend that holding to young adults, or in the alternative, to withdraw his guilty plea and for a new trial based on newly-discovered neuroscience evidence.  In a January 23, 2025 order and decision, Judge Smith denied all of defendant's requests, ruling as follows:

> The argument that the Comer holding applies to youthful adult offenders over the age of eighteen is simply unsupported by legal precedent in New Jersey. The Supreme Court and Appellate Division of New Jersey have expressly rejected the application of Comer to other so-called "youthful offenders."
>
> In State v. Jones, the Appellate Division considered whether "our Supreme Court's decision in State v. Comer should extend to youthful offenders between the ages of eighteen and twenty when they committed their offenses."  478 N.J. Super. [532,] . . . 534 [(App. Div. 2024)].  In that case, the consolidated defendants filed motions to correct an illegal sentence, arguing that scientific research in developmental science showed that because juveniles and young adults were cognitively similar and that New Jersey should allow Comer's holding to be applied to offenders up to twenty years of age.  The defendants also cited cases in other jurisdictions, such as the State of Washington and State of Michigan, to argue that youthful offenders younger than twenty-one should be entitled to a resentencing hearing after Comer.

3

Th[e] issue presented to this court is purely legal – should <u>Comer</u> be extended to youthful <u>adult</u> defendants 18 years and older – to permit a resentencing hearing? The <u>Jones</u> court recognized that <u>Comer</u> "created a procedure for offenders – <u>who were juveniles when they committed their offenses</u> – to seek a hearing after serving at least twenty years in prison." [<u>Jones</u>, 478 N.J. Super.] at [538] (emphasis added). The age of the defendant here is not in question. That is the only relevant fact to this inquiry and thus an evidentiary hearing is not warranted. Counsel beseeches this court to conduct an evidentiary hearing and full oral argument to create and preserve an adequate record for appellate review. Even the <u>Jones</u> court recognized that an evidentiary hearing was unwarranted.

. . . .

Here, [d]efendant is asking us to disregard precedent handed down from higher courts and hold an evidentiary hearing to create and preserve a record for appeal, all with the hope that he will be more successful than the several other defendants who have come before him. Currently, there is no record of any court in New Jersey using <u>Comer</u> as a basis to warrant resentencing a non-juvenile offender. To the contrary, the Appellate Division in its precedential opinion in <u>Jones</u> held that <u>Comer</u> does not extend to youthful adult offenders - defendants 18 years and older when they committed the offense of conviction.

. . . .

Lastly, the defendant asks that this court grant him a new trial based on newly discovered evidence. <u>See</u> <u>R.</u> 3:20-2. To [do] so, the court must permit the defendant to withdraw his plea of guilty. Essentially,

4

the defendant argues that his reduced mental capacity given his under-developed brain, a condition of his youth, made it impossible for him [to] form the necessary intent for the charge of felony murder. That would, presumably, be his argument at a "new" trial.

. . . .

There are no grounds to support the defendant's motion to withdraw his guilty plea nor, if such motion were granted, a new trial. The development of thought and research into the area of brain development does not negate the fact that the defendant killed the tire store employee. It may only explain the irrationality of his conduct.

The defendant's sentence was authorized by the Criminal Code. There has been no challenge here that the sentence was illegal as contrary to the Criminal Code. The sentence[] was not disturbed on direct appeal. Collateral attack was made by way of [p]etition for [PCR]. The conviction and sentence were not disturbed, and that decision was affirmed by the Appellate Division. The defendant's sentence remains a legal sentence.

Defendant appeals, raising the following points:

POINT I

RECENT DEVELOPMENTS IN BRAIN SCIENCE AND THE EVOLUTION OF LEGISLATION AND CASELAW RECOGNIZE THE REMEDY SOUGHT HERE.

POINT II

THE COURT BELOW ERRED IN REFUSING TO CONSIDER A RESENTENCING BECAUSE THE LANDMARK COMER DECISION–WHICH ENTITLES JUVENILE OFFENDERS TO A RESENTENCING AFTER TWENTY YEARS– SHOULD EXTEND TO TWENTY-YEAR-OLD OFFENDERS LIKE DEFENDANT WHO SHARE THE SAME CHARACTERISTICS AS JUVENILES.

POINT III

THE SENTENCE IN THIS CASE CONSTITUTES AN ILLEGAL SENTENCE IN VIOLATION OF THE CONSTITUTIONAL PROHIBITION AGAINST CRUEL AND UNUSUAL PUNISHMENT.

POINT IV

THE ZUBER/COMER/MILLER FACTORS WEIGH IN FAVOR OF A RESENTENCING IN THIS MATTER.

POINT V

THE TRIAL [COURT] ERRED BY REFUSING . . . DEFENDANT A RESENTENCING HEARING AND RELYING UPON STATE V. JONES.

POINT VI

ALTERNATIVELY . . . DEFENDANT IS ENTITLED TO A NEW TRIAL BASED ON NEWLY DISCOVERED BRAIN SCIENCE EVIDENCE THAT CONSTITUTES A VIABLE DIMINISHED CAPACITY DEFENSE.

6

A-2009-24

## II.

We review the disposition of a motion to correct an illegal sentence de novo. State v. Drake, 444 N.J. Super. 265, 271 (App. Div. 2016). "[A]n illegal sentence is one that 'exceeds the maximum penalty . . . for a particular offense' or a sentence 'not imposed in accordance with law.'" State v. Acevedo, 205 N.J. 40, 45 (2011) (quoting State v. Murray, 162 N.J. 240, 247 (2000)); see also State v. Zuber, 227 N.J. 422, 437 (2017). An illegal sentence "may be corrected at any time before it is completed." Murray, 162 N.J. at 247 (citing State v. Sheppard, 125 N.J. Super. 332, 336 (1973)); see also R. 3:21-10(b).

We briefly address defendant's resentencing claim under Comer. In Comer, the Supreme Court held that juvenile offenders sentenced under the homicide statute may petition for review after twenty years in prison. 249 N.J. at 403. The Court emphasized the constitutional differences between juveniles and adults for sentencing purposes, relying on Miller v. Alabama, 567 U.S. 460 (2012), and Graham v. Florida, 560 U.S. 48 (2010). Ibid.

However, Comer limited its holding to juveniles—individuals under eighteen at the time of the offense. Id. at 384-88. The Legislature has chosen eighteen as the threshold age for adulthood in criminal sentencing. N.J.S.A. 2A:4A-22(a); State v. Ryan, 249 N.J. 581, 600 n.10 (2022). In Jones, we

reaffirmed that principle.  478 N.J. Super. at 549-50.  The motion judge appropriately found the protections afforded to juveniles under Comer, or, by extension, under Miller and Graham, do not apply to adults aged eighteen and above.

Beyond this, we echo the reasons—one factual, one institutional—the Jones panel articulated in declining to expand the holding in Comer:

> Initially, we conclude the Court's decision was limited to juvenile offenders tried and convicted of murder in adult court.  In our view, the Court neither explicitly nor implicitly extended this right of sentence review to offenders who [were] between eighteen and twenty years of age when they committed their crimes.
>
> . . . .
>
> Moreover, our institutional role as an intermediate appellate court is a limited one.  We are bound to follow the precedents of the United States Supreme Court and the Supreme Court of New Jersey, regardless of whether those precedents might seem outmoded. . . .
>
> [Id. at 549, 551.]

Defendant's remaining argument that, in the alternative, he is entitled to a new trial due to recent developments in neuroscience and psychology, does not establish a basis for relief.  We conclude Judge Smith properly denied defendant's multifaceted motion.  Defendant was twenty years old at the time of

8

the offense and is not entitled to resentencing under <u>Comer</u>, nor is he entitled to alternate relief.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-2009-24