176 N.J. Super. 1 (1980)
421 A.2d 1016
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
JAMES F. JOHNSON, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 16, 1980.
Decided October 8, 1980.
*2 Before Judges MICHELS, ARD and FURMAN.
John S. Redden, Assistant Essex County Prosecutor, argued the cause for appellant (John J. Degnan, Attorney General, attorney; Donald S. Coburn, Essex County Prosecutor, of counsel).
Lawrence Bitterman, Assistant Deputy Public Defender, argued the cause for respondent (Stanley C. Van Ness, Public Defender, attorney).
The opinion of the court was delivered by FURMAN, J.S.C. (temporarily assigned).
On this appeal by the State from a judgment of resentence by the three-judge resentencing panel, the State contends that the panel, which was constituted by a directive of the Supreme Court (see 104 N.J.L.J. 489 (December 6, 1979)), exceeded its authority and misapplied statutory and decisional law in granting defendant's motion for a resentence under N.J.S.A. 2C:1-1 d(2) of the Code of Criminal Justice.
N.J.S.A. 2C:1-1 d(2) provides for the reduction or modification "for good cause shown" of sentences of imprisonment imposed prior to the Code's effective date for offenses which are eliminated or downgraded in the code.
*3 The State contends on appeal that (1) good cause was not shown by defendant or specifically found by the panel, and without good cause no reduction in defendant's sentence could be ordered; (2) the panel erroneously determined the equivalent or congruent offense to impairing the morals of a minor (N.J.S.A. 2A:96-3), of which defendant had been convicted, and (3) the modification to concurrent and not consecutive sentences was not mandated by State v. Clark, 65 N.J. 426 (1974), on which the panel erroneously relied.
Defendant raises a fourth issue: that the State has no right of appeal because of the bar of the double jeopardy clause of the Fifth Amendment to the Federal Constitution, which is applicable to the States through the Fourteenth Amendment. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).
Defendant, now 56, has a criminal record dating back to 1941. His sentences for four sex-related crimes which occurred within a four-month period in late 1961 and early 1962 and for another sex-related crime which occurred in 1975 are the subject of this appeal.
Defendant pleaded guilty in 1962 to an accusation charging him with rape, in violation of N.J.S.A. 2A:138-1, and to three accusations charging him with assault with intent to commit rape, in violation of N.J.S.A. 2A:90-2. The victims were all elderly women. He was sentenced under the Sex Offender Act, N.J.S.A. 2A:164-3, to an indeterminate maximum 30-year term for rape and to three indeterminate maximum 12-year terms for assault with intent to commit rape. All terms were consecutive, an aggregate maximum of 66 years.
In April 1974 defendant was released on parole. Several months later he was indicted for impairing the morals of a minor, in violation of N.J.S.A. 2A:96-3, and for abduction, in violation of N.J.S.A. 2A:86-3. He admitted that he offered money to the victim, a 12-year-old girl, whom he had heard was a prostitute, and, when she refused him, hugged and kissed her to try to arouse her. On a plea bargain he pleaded guilty only *4 to impairing the morals of a minor and was sentenced to an indeterminate maximum term of three years under the Sex Offender Act, consecutive to his other sentences, on which he was recommitted for parole violation.
On a motion for post-conviction relief defendant was granted a resentence in September 1979 by Judge Dios in accordance with State v. Clark, supra. His three sentences for assault with intent to rape were made concurrent to his sentence for rape and to each other. All these offenses, closely related in time and in circumstances, were determined to have resulted from the same causes and aberrations. Judge Dios's resentencing judgments were not appealed.
Accordingly, at the time of his motion to the three-judge resentencing panel in November 1979 defendant was serving an aggregate maximum 33-year indeterminate term, 30 years for the four crimes to which he pleaded guilty in 1962 and 3 years for the crime to which he pleaded guilty in 1975. Because of his commitments under the Sex Offender Act, he is confined to the Adult Diagnostic and Treatment Center at Avenel.
The three-judge resentencing panel after oral argument determined that the equivalent or congruent crime under the Code to rape under Title 2A is aggravated sexual assault, N.J.S.A. 2C:14-2. That determination of equivalency is not challenged on appeal. The panel imposed a maximum 20-year sentence for a crime of the first degree and continued defendant's commitment to the Adult Diagnostic and Treatment Center.
The panel also determined that the equivalent or congruent crime under the Code to impairing the morals of a minor under Title 2A is endangering the welfare of a child, N.J.S.A. 2C:24-4. That determination of equivalency is challenged on appeal. The panel imposed a maximum 18-month sentence for a crime of the fourth degree, suspended that sentence and made it concurrent to the maximum 20-year term for aggravated sexual assault. In imposing and suspending this sentence the panel noted in the oral opinion by Judge Yanoff that under the Code defendant *5 would not be subject to commitment to the Adult Diagnostic and Treatment Center for the offense of endangering the welfare of a child, and that continued confinement in the Center and not in State Prison would be preferable because of the course of therapy defendant had undergone over many years. The order that the lesser sentence be concurrent and not consecutive to the sentence for aggravated sexual assault is challenged on appeal.
In addition, at issue on appeal is whether defendant met the statutory prerequisite of good cause prior to resentencing under N.J.S.A. 2C:1-1 d(2), both for aggravated sexual assault and for endangering the welfare of a child.
The initial issue to be resolved is the State's right of appeal. Defendant urges the bar of double jeopardy, not because of risk of a retrial but because a reimposition of his original sentence aggregating a maximum of 33 years would exceed the maximum 20-year sentence imposed in the judgment of resentence and expose him to double punishment for one criminal offense in violation of the Fifth Amendment.
Sentences are appealable by the State for illegality, e.g., failure to impose a mandatory minimum penalty (State v. Sheppard, 125 N.J. Super. 332, 336 (App.Div. 1973), certif. den. 64 N.J. 318 (1973)), and reviewable by the State for clerical error (State v. Matlack, 49 N.J. 491, 501 (1967), cert. den. 389 U.S. 1009, 88 S.Ct. 572, 91 L.Ed.2d 606 (1967)).
In the Code of Criminal Justice, N.J.S.A. 2C:44-1 f(2), the State is granted the right of appeal from a sentence to a term appropriate to a crime one degree lower than that of the crime of which a defendant was convicted.
In urging its right of appeal the State relies on State v. Williams, 139 N.J. Super. 290 (App.Div. 1976), aff'd o.b. 75 N.J. 1 (1977), which recognized the State's right of appeal from an order pursuant to R. 3:21-10 suspending sentence and placing defendant on probation conditional upon his entry into and successful completion of a drug rehabilitation program. The *6 opinion set forth at 139 N.J. Super. 298 that double jeopardy does not bar appeal by the State from a post-verdict ruling "where there is no possibility that an appellate decision would require further proceedings to resolve fact issues involving the underlying crime." That language is applicable to the appeal before us. In accordance with State v. Williams, R. 2:3-1(b)(4) provides that the State may appeal a judgment in a post-conviction proceeding collaterally attacking a sentence.
In State v. Barnes, 84 N.J. 362 (1980), the Supreme Court upheld the State's right to appeal from a County Court judgment reversing municipal court convictions, based upon a determination of the unconstitutionality of an ordinance.
United States v. DiFrancesco, 604 F.2d 769 (2 Cir.1979), cert. granted 444 U.S. 1070, 100 S.Ct. 1012, 62 L.Ed.2d 751 (1980), is relied on by defendant as authority barring the State's appeal from a lawfully imposed sentence as an infringement of the constitutional guarantee against multiple punishments for the same offense. DiFrancesco struck down as unconstitutional 18 U.S.C.A. § 3576, which authorizes appeal by the United States for abuse of discretion from a sentence imposed after a proceeding establishing a defendant as a dangerous special offender. Its holding conforms to dicta in United States Supreme Court opinions, including United States v. Wilson, 420 U.S. 332, 339, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975); North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), and Ex parte Lange, 18 Wall 163, 85 U.S. 163, 173, 21 L.Ed. 872 (1874).
In Ex parte Lange the Supreme Court stated the constitutional principle: "... the Constitution was designed as much to prevent the criminal from being twice punished for the same offence as from being twice tried for it."
In our view DiFrancesco does not foreclose the State's right of appeal for legal error from a judgment of resentence pursuant to N.J.S.A. 2C:1-1 d(2). The right to apply for resentencing is a legislative dispensation. Among the states which have adopted the Model Penal Code none except New Jersey has enacted a *7 provision for resentencing on motion when the crime of which the imprisoned person was convicted was eliminated or downgraded in the code as enacted. There is no constitutional right to a resentence. State v. McDermott, 175 N.J.Super 334 at 340 (App.Div. 1980).
Illegality in the resentence is reviewable under State v. Sheppard, supra, including legal error in the determination of the equivalent Title 2A crime under the Code or of the statutory prerequisite of good cause for resentencing. No resolution of disputed facts by the resentencing panel is challenged on the appeal before us.
Defendant availed himself of the newly enacted statutory procedure in N.J.S.A. 2C:1-1 d(2). A reversal of the judgment of resentence on appeal by the State would have the result of continuing in effect his prior sentences, consistent with the law when he was sentenced. We cannot equate that result, which would be reached for legal error, with double punishment for the same crime within the interdiction of the Fifth Amendment. We conclude that this appeal by the State is not barred by double jeopardy.
The next issue for resolution is whether defendant met the statutory prerequisite of good cause in N.J.S.A. 2C:1-1 d(2) before the resentencing panel. The specific statutory language is "... the court may impose a new sentence, for good cause shown as though the person had been convicted under the code."
Defendant argues in effect that he has a statutory right to a resentence because the maximum terms of imprisonment for the Title 2A crimes of which he was convicted exceed the maximum terms of imprisonment for the equivalent crimes under the code. According to this argument, disparity in sentence is sufficient good cause to meet the statutory prerequisite.
We disagree. According to the legislative intent expressed in a statement of the Senate Judiciary Committee, the *8 imposition of a resentence was to be discretionary rather than mandatory. Statement of Senate Judiciary Committee to S738, May 15, 1978 at 1-2. We are of the view that the phrase "good cause" is not surplusage and that defendant in moving for a resentence has the burden of showing good cause beyond mere disparity in sentence between Title 2A and the Code.
We need not delineate precisely the bounds of good cause. Obviously the aggravating and mitigating factors to be taken into consideration in original sentencing (N.J.S.A. 2C:44-1) should be weighed. A persistent offender, as defendant has been, may be subject under N.J.S.A. 2C:44-3 to a sentence to an extended term of imprisonment beyond the maximum in the code. The most relevant factors in the determination of good cause should bear on any past criminal record, the nature and circumstances of the crime for which resentencing is applied for, its violence, heinousness or depravity, any parole violations, and the risk that the applicant for resentencing will commit another crime, in particular if the result of resentencing is that his release from imprisonment is advanced to an early future date. These criteria are negative, tending to rebut good cause without which a resentence may not be granted under N.J.S.A. 2C:1-1 d(2).
Defendant's release would be imminent under the judgment on appeal which fixes a 20-year maximum on a term of imprisonment starting in 1962. In addition, because his concurrent sentences would be under the Code, defendant would be eligible for work and good behavior credits, which he was not eligible for as a committed sex offender under N.J.S.A. 2A:164-3.
In the hearing before the resentencing panel defendant failed to offer any factual support for a determination that there was good cause to resentence him. When asked whether he wished to be heard on good cause, his attorney replied, "I don't think there's much that can be said."
*9 The resentencing panel made no reference to good cause in its oral opinion and reached no determination of good cause for resentencing. In the context whether the maximum or presumptive sentence for rape should be imposed, the oral opinion stated that the panel had considered the aggravating and mitigating factors in N.J.S.A. 2C:44-1.
Weighing against a determination of good cause are defendant's past criminal record, including his convictions of robbery with a firearm, breaking and entry, assault and battery, larceny, assault with intent to steal and entry with intent to steal prior to his rape and assault convictions in 1962, his two parole violations, his further sexual offense involving physical contact with a 12-year-old girl within several months of his release on parole in 1974, and the recommendations by the Special Classification Review Board, upon review at six-month intervals since his recommitment in 1975, that he should continue his confinement to in-patient treatment as a repetitive and compulsive sex offender.
We conclude that the resentencing panel committed legal error in resentencing defendant without a showing of good cause and that its judgment is jurisdictionally deficient in failing to reach a determination of good cause and should be reversed.
Accordingly, we need not resolve the remaining issues raised: whether the crime of impairing the morals of a minor under N.J.S.A. 2A:96-3, as committed by defendant, is the equivalent of endangering the welfare of a child under N.J.S.A. 2C:24-4, and whether his sentence for that offense should have been made concurrent to his sentence for rape.
We therefore reverse and vacate the judgment of the resentencing panel. We reinstate the resentences imposed by Judge Dios on September 28, 1979 and the sentence imposed by Judge Deegan on March 15, 1976, which is consecutive to the resentences imposed by Judge Dios.