192 N.J. Super. 586 (1984)
471 A.2d 805
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RICHARD HEISLER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 10, 1983.
Decided January 9, 1984.
*588 Before Judges MATTHEWS, J.H. COLEMAN and GAULKIN.
Philip De Vencentes argued the cause for appellant (Galantucci & Patuto, attorneys; Philip De Vencentes on the brief).
Susan W. Sciacca, Assistant Prosecutor, argued the cause for respondent (Larry J. McClure, Bergen County Prosecutor, of counsel and on the brief).
The opinion of the court was delivered by COLEMAN, J.H., J.A.D.
The question raised on this appeal is whether a nonmandatory sentence which is imposed upon resentencing to correct an illegal sentence and which substantially exceeds the original sentence, violates due process of law under the Fifth and Fourteenth Amendments and N.J. Const. (1947), Art. I, par. 1. We hold that under the facts of this case, the answer is in the affirmative.
The essential facts are not disputed. Defendant entered a guilty plea to one count of second degree kidnapping in violation of N.J.S.A. 2C:13-1 a. Pursuant to a plea agreement, he was sentenced as if the kidnapping was a third degree crime. See N.J.S.A. 2C:44-1 f(2). He was sentenced to five years probation on the condition that he serve 364 days in the Bergen County Jail. He was also required to contribute 500 hours of community service after release. A fine of $1,000 was imposed. After a motion for reconsideration of the sentence was denied, defendant appealed to the Appellate Division and sought an emergent stay of the sentence. On that appeal, the State conceded that the condition of the probationary sentence requiring 364 days incarceration was illegal in that it exceeded the 180-days maximum permitted by N.J.S.A. 2C:43-2 b(2) and N.J.S.A. 2C:45-1 *589 c[1] which were in effect at the time of the offense. We vacated the sentence and remanded to the Law Division for resentencing. On remand, the Law Division imposed an indeterminate sentence not to exceed five years to the Youth Reception and Correction Center at Yardville. The $1,000 fine was reimposed. Defendant again appeals contending that "the resentence in this case violated defendant's constitutional rights of due process," and that "the resentence in this case violated the constitutional prohibition against double jeopardy."
A sentencing judge is required to consider parole release when imposing sentence. N.J.S.A. 2C:44-1 c(2) provides:
When imposing a sentence of imprisonment the court shall consider the defendant's eligibility for release under the law governing parole, including time credits awarded pursuant to Title 30 of the Revised Statutes, in determining the appropriate term of imprisonment.
The judge recognized this obligation at resentencing and undertook to compare parole on his original 364-day term, on a 180-day term and on a 5-year indeterminate sentence at Yardville. In this connection, he observed:
I do not believe ... that he should be out in 60 days which is what a 180-day sentence in County Jail means and therefore I have taken the only intermediate course available to me which is a Yardville sentence which I believe will run up to about six or seven months, which may be a few more months than he would have had had he served the 364 days because the parole would give him one-third, he would be out in four months.
This analysis was in error.
A probationary sentence requiring a defendant to serve a term of imprisonment as a condition of probation (N.J.S.A. 2C:43-2 b(2) and N.J.S.A. 2C:45-1 c.) is subject to the provisions of N.J.S.A. 30:4-123.51. The amendments to subsections a. and g., effective July 16, 1982, are controlling. They provide:
a. Each adult inmate sentenced to a term of incarceration in a county penal institution, or to a specific term of years at the State Prison or the correctional institution for women shall become primarily eligible for parole after having served any judicial or statutory mandatory minimum term, or one-third of the *590 sentence imposed where no mandatory minimum term has been imposed less commutation time for good behavior pursuant to N.J.S. 2A:164-24 or R.S. 30:4-140 and credits for diligent application to work and other institutional assignments pursuant to P.L. 1972, c. 115 (C. 30:8-28.1 et seq.) or R.S. 30:4-92. Consistent with the provisions of the New Jersey Code of Criminal Justice (N.J.S. 2C:11-3, 2C:14-6, 2C:43-6, 2C:43-7), commutation and work credits shall not in any way reduce any judicial or statutory mandatory minimum term and such credits accrued shall only be awarded subsequent to the expiration of the term.
g. Each adult inmate of a county jail, workhouse or penitentiary shall become primarily eligible for parole upon service of 60 days of his aggregate sentence or as provided for in subsection a. of this section, whichever is greater. Whenever any such inmate's parole eligibility is within six months of the date of such sentence, the judge shall state such eligibility on the record which shall satisfy all public and inmate notice requirements. The chief executive officer of the institution in which county inmates are held shall generate all reports pursuant to subsection d. of section 10 of P.L. 1979, c. 441 (C. 30:4-123.54). The parole board shall have the authority to promulgate time periods applicable to the parole processing of inmates of county penal institutions, except that no inmate may be released prior to the primary eligibility date established by this subsection, unless consented to by the sentencing judge. No inmate sentenced to a specific term of years at the State Prison or the correctional institution for women shall become primarily eligible for parole until service of a full nine months of his aggregate sentence.
In considering resentencing defendant to the Youth Reception and Correction Center at Yardville pursuant to N.J.S.A. 2C:43-5, the judge below was also required to consider N.J.S.A. 30:4-123.51 d:
d. Each adult inmate sentenced to an indeterminate term of years as a young adult offender pursuant to N.J.S. 2C:43-5 shall become primarily eligible for parole consideration pursuant to a schedule of primary eligibility dates developed by the board, less adjustment for program participation. In no case shall the board schedule require that the primary parole eligibility date for a young adult offender be greater than the primary parole eligibility date required pursuant to this section for the presumptive term for the crime authorized pursuant to N.J.S. 2C:44-1(f).
Proper application of the controlling statutes discloses that the actual difference between the 364 days originally imposed and 180 days is not nearly so great as the judge thought. On a 364-day term, a defendant becomes primarily eligible for parole after serving one-third of the time, or 121 1/3 days, less commutation *591 for good behavior at the rate of one day for every six days served (N.J.S.A. 2A:164-24) and work credit at the rate of one day for each five days of diligent work (N.J.S.A. 30:4-92 and N.J.A.C. 10A:71-3.2). See also N.J.S.A. 30:4-123.51 a. Hence, the 121 1/3 days, or 17 2/7 weeks, could be reduced by as much as two days a week, or 35 days, and defendant would have been eligible for release after serving approximately 86 days. Under the 180-day probationary option, defendant would be primarily eligible for parole after serving one-third of the time or 60 days. N.J.S.A. 30:4-123.51 g. The disparity between 180 days and 364 days of incarceration is thus a mere 26 days.
The trial judge also considered, and ultimately chose to impose, an indeterminate sentence pursuant to N.J.S.A. 2C:43-5. The presumptive primary parole eligibility date for an offender sentenced to Yardville for an indeterminate five-year term for kidnapping is 32 months. The "above average" reduction in the 32-months time goal is 11 1/2 months for program participation. See N.J.A.C. 10A:71-3.3. But N.J.S.A. 30:4-123.51 d requires that defendant's primary parole eligibility date shall not be "greater than the primary parole eligibility date required ... for the presumptive term for the crime authorized pursuant to N.J.S.A. 2C:44-1(f)." The plea agreement provided that defendant would be sentenced as if the kidnapping were a third-degree crime. The presumptive term for a third-degree sentence is four years and the primary parole eligibility is 16 months. But even 16 months is approximately 125% more time than contemplated by the sentencing judge who thought that a sentence imposed pursuant to N.J.S.A. 2C:43-5 would make the defendant eligible for parole after "six or seven months." Moreover, 16 months is more than five times longer than the 86-day parole eligibility on a 364-day county jail term; the trial judge was significantly mistaken in concluding that at Yardville defendant would spend only "a few more months than he would have had, had he served the 364 days."
*592 Defendant argues that the present sentence violates North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), because it has been substantially enhanced following a successful appeal to correct an illegal sentence. He further argues that the judge failed to give reasons to justify the enhancement of the sentence since the sentence imposed was not mandated by law.
The issue in Pearce was the propriety of increasing a defendant's legitimate original sentence when reconviction followed a successful appeal. There, it was held that courts may not give a harsher sentence than originally imposed without specifying "objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." 395 U.S. at 726, 89 S.Ct. at 2081. While the Supreme Court in Pearce recognized that "neither the double jeopardy provision nor the Equal Protection Clause imposes an absolute bar to a more severe sentence upon reconviction," 395 U.S. at 723, 89 S.Ct. at 2079, it also emphasized that "Due Process of Law ... requires that vindictiveness against a defendant for having successfully attacked his conviction must play no part in the sentence he receives after a new trial." 395 U.S. at 725, 89 S.Ct. at 2080.
It is well established that a court is free to vacate an illegal sentence and impose a sentence mandated by law, even when the mandatory sentence is greater than the original illegal sentence. Bozza v. United States, 330 U.S. 160, 167, 67 S.Ct. 645, 652, 91 L.Ed.2d 818, 822 (1947); State v. Sheppard, 125 N.J. Super. 332 (App.Div. 1973), certif. den. 64 N.J. 318 (1973). The present case, however, is distinguishable from cases involving mandatory sentences. Here the judge set aside an illegal sentence and imposed a substantially harsher sentence not required by law. Unlike Bozza and Sheppard, it cannot be said that unless the present sentence is upheld defendant would be free from incarceration.
*593 This court has previously held that "[d]ue process in its constitutional sense is little more than a metonym for fair play. State v. Haber, 132 N.J.L. 507, 512, 41 A.2d 326 (Sup.Ct. 1945). It connotes fundamental fairness." State v. Laganella, 144 N.J. Super. 268, 284 (App.Div. 1976), app. dism. 74 N.J. 256 (1977). In the present case, given the substantial and unjustifiable discrepancy between the original illegal sentence and that imposed upon resentencing, we are unable to conclude that the indeterminate term to Yardville comports with principles of fundamental fairness and due process. The judge did not articulate any reasons justifying the substantial increase in sentence. Indeed he did not recognize that this was the effect. Moreover, the record is barren of any evidence of intervening conduct or prior oversight to justify the new sentence. Imposition of a sentence five times greater than that originally imposed, absent reasons to justify the increase, penalizes defendant for successfully challenging the illegal sentence and has a chilling effect on defendant's right to appeal. The sentence under review violates both the spirit and purpose of Pearce, which sought to prevent vindictiveness. See People v. Williams, 34 N.Y.2d 657, 311 N.E.2d 650, 355 N.Y.S.2d 578 (Ct.App. 1974); Durham v. State, 304 So.2d 146 (Fla. Dist. Ct. App. 1974).
The sentence under review is accordingly vacated and the matter is remanded to the Law Division for resentencing of defendant to five-years probation on condition that he serve 180 days in the Bergen County Jail. Defendant is to be credited with time served in the Bergen County Jail and at Yardville. Defendant shall also be required, pursuant to the original sentence, to contribute 500 hours of community service, to pay a $1,000 fine, and to pay a $25 penalty to the Violent Crimes Compensation Board. Since defendant has already served more time than N.J.S.A. 30:4-123.51 a or -123.51 g requires on a 180-day sentence, the custodial confinement in excess of 60 days shall be credited against the community service at the rate of ten hours a day.
NOTES
[1] The 180-day maximum was increased to 364 days by L. 1983, c. 124, effective April 15, 1983.