Albert ERVIN, Plaintiff,

v.

Howard L. BEYER, etc., et al.,
Respondents.

Civ. No. 88–3791 (AET).

United States District Court,
D. New Jersey.

July 24, 1989.

Mark D. Sperber, Asst. Deputy Public Defender, Dept. of the Public Advocate, Office of the Public Defender, Appellate Section, East Orange, N.J., for plaintiff.

Chana Barron, Deputy Atty. Gen., Div. of Criminal Justice, Appellate Section, Trenton, N.J., for respondents.

ON PETITION FOR WRIT OF
HABEAS CORPUS

ANNE E. THOMPSON, District Judge.

The matter before the court is the petition of Albert Ervin for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After a plea bargain agreement, petitioner was sentenced to forty-five years with a fifteen year parole ineligibility term for four armed robbery convictions. This sentence was later amended to reflect three consecutive five year periods of parole ineligibility and one five year period of parole ineligibility to be served concurrently. Petitioner charges that the trial judge improperly corrected petitioner's original minimum period of parole ineligibility under the guise of a clerical error, and that his amended sentence violated his double jeopardy and due process rights. Petitioner requests that this court impose a single minimum parole ineligibility of seven and

one half years, half of the original fifteen year term imposed.

In January and February, 1982, the Monmouth County Grand Jury of the State of New Jersey returned four indictments against petitioner. In each of the indictments, petitioner was charged with one count of first degree armed robbery in violation of N.J.S.A. 2C:15–1, in addition to other charges. On March 11, 1982, pursuant to plea negotiations, petitioner entered pleas of guilty to four separate armed robberies committed on different dates. In exchange for his pleas, the State agreed to recommend the dismissal of all remaining counts of the four indictments. The State made no agreements nor representations with respect to the sentence to be imposed, reserved its right to be heard at sentencing and specifically declined to waive a possible recommendation for the imposition of an extended term or a minimum term of parole ineligibility.

On April 23, 1982, petitioner was sentenced to four terms of fifteen years for each of the first degree crimes. Three of the terms were made consecutive and the fourth term was imposed concurrently with the other three. These four sentences were formalized in a single judgment of conviction. The court also imposed a fifteen year period of parole ineligibility.

On June 9, 1982, petitioner filed a Notice of Appeal to the Superior Court of New Jersey, Appellate Division. In this appeal petitioner challenged his sentence as being excessive in nature, which the court found to be without merit. On February 16, 1983, the Appellate Court granted the State's motion for summary disposition. The April 23, 1982 judgment of conviction was affirmed.

On August 18, 1983, petitioner filed a *pro se* application for post-conviction relief. Here petitioner asserted that the single fifteen year period of parole ineligibility constituted an illegal sentence because the trial judge had intended to apply it to only one of the four robbery convictions. Under N.J.S.A. 2C:43–6b, the maximum parole ineligibility term allowed for any one fifteen year prison term is seven and one half years.

The trial court ruled that petitioner's challenge to his sentence was not an appropriate basis for post-conviction relief and accordingly, an order denying petitioner's claim was entered on November 9, 1983. The court found that the error made in imposing a single aggregate fifteen year parole ineligibility term had been a mere clerical mistake. On November 10, 1983, the judgment of conviction was amended from the flat fifteen year parole ineligibility term to reflect three five year periods of parole ineligibility on the three judgments to be served consecutively as well as one five year period of parole ineligibility on the fourth indictment which was to be served concurrently. The aggregate term of parole ineligibility remained fifteen years.

On June 5, 1986 defendant filed a notice of appeal from the order denying his petition for post-conviction relief. On June 30, 1986, the Appellate Division granted petitioner's motion to permit the filing of his notice of appeal *nunc pro tunc*. Petitioner claimed that 1) the imposition of an illegal sentence was an unequivocal judicial error, which placed the entire sentence in dispute and could not be corrected as a mere clerical mistake, and 2) the trial court's amendment of his sentence resulted in an increased term of years in violation of both the New Jersey and United States Constitutions.

The Appellate Division rejected petitioner's claim in an unpublished *per curiam* opinion, affirming the trial court's decision on February 2, 1987. Subsequently, on October 30, 1987 petitioner sought leave to file a petition for certification *nunc pro tunc* in the New Jersey Supreme Court from the Appellate Division's February 2, 1987 opinion. On November 17, 1987, the Supreme Court of New Jersey entered an order granting petitioner's application for leave to file a petition for certification as within time. The Court denied the petition for certification on January 21, 1988. Petitioner filed for habeas corpus relief in this court on August 30, 1988.

■ Petitioner essentially raises two arguments relating to his amended sentence. The first is that the record does not support the trial court's finding that the amended sentence conformed to the intent of the original sentence imposed. Petitioner asserts that the sentence was intended to apply only to one of the four convictions and therefore is illegal in excess of law N.J.S.A. 2C:43–6b. The issue presently in front of the court is in fact a question of procedure, concerning a state court's rule governing the correction of clerical mistakes in judgment.[1] Matters of procedure and sentencing are generally matters of state law and cannot justify the federal intervention of habeas corpus relief. *Wainwright v. Sykes,* 433 U.S. 72, 81, 97 S.Ct. 2497, 2503, 53 L.Ed.2d 594 (1977); *Durham v. Wyrick,* 665 F.2d 185, 187 (8th Cir.1981); *Johnson v. Beto,* 383 F.2d 197, 198 (5th Cir.1967), *cert. denied,* 393 U.S. 868, 89 S.Ct. 153, 21 L.Ed.2d 136 (1968).

■ Moreover, the court reads the record as demonstrative of the trial judge's intention that the fifteen year parole disqualifier represent an aggregate applicable to petitioner's various convictions. There are no substantiated grounds for petitioner's claim that the disqualifier was meant to be applied to only one of petitioner's four convictions. One of petitioner's bases for this claim is that the trial judge explicitly separated the counts when he imposed four twenty-five dollar fines to the respective four convictions. However, the trial court clearly noted that the intent of the court was to impose a total fifteen year parole disqualifier.

■ Furthermore, pursuant to 28 U.S.C. § 2254(d), the state court's factual findings enjoy a presumption of correctness. *See Miller v. Fenton,* 474 U.S. 104, 105, 106 S.Ct. 445, 447, 88 L.Ed.2d 405 (1985). The trial court which in fact imposed the original sentence is clearly the most knowledgible and appropriate body to determine and recognize the intent of the original sen-

tence. Trial judges are presumed to be fully aware of the true meaning of the sentences they impose. *See United States v. Dickie,* 752 F.2d 1398, 1400 (9th Cir. 1985). *State v. Matlack,* 49 N.J. 491, 501–02, 231 A.2d 369 (1967), *cert. denied,* 389 U.S. 1009, 88 S.Ct. 572, 19 L.Ed.2d 606 (1967). Furthermore, as the Appellate Division stated, there was "no doubt" from the record that the period of parole ineligibility was intended to be an aggregate term. We are confident that the fifteen year period of parole ineligibility originally imposed by the trial court was intended to be part of an aggregate sentence for all four crimes.

■ Petitioner's second argument is that as a result of the amended sentence, his rights to be free from double jeopardy and to be afforded due process have been violated. The fifth amendment of the Constitution provides in part, "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb." It is well established that this guarantee against double jeopardy is enforceable against the states through the fourteenth amendment. *Benton v. Maryland,* 395 U.S. 784, 794, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707 (1969). The Supreme Court, in *Green v. United States,* 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957), held that the general principle behind the double jeopardy clause to be "that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity...." *Id.* at 187, 78 S.Ct. at 223. Where an illegal sentence has been imposed, neither double jeopardy nor due process rights will prevent amendment of the original sentence. *United States v. Busic,* 639 F.2d 940, 953 (3rd Cir.1981), *cert. denied,* 452 U.S. 918, 101 S.Ct. 3055, 69 L.Ed.2d 422 (1981). In fact petitioner himself concedes that an illegal sentence may

1. New Jersey Court Rule 1:13–1 states that "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight, and omission may at any time

be corrected by the court on its own initiative or on the motion of any party on such notice and terms as the court directs, notwithstanding the pendency of an appeal."

**166**

be corrected at anytime, as long as the original intent of the trial court is clear from the record and the correction does not forfeit any substantive rights of petitioner. *State v. Matlack,* 49 N.J. at 502, 231 A.2d 369. This court finds the amendment in this case to satisfy this guideline. "The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner." *Bozza v. United States,* 330 U.S. 160, 166–167, 67 S.Ct. 645, 649, 91 L.Ed. 818 (1947).

Moreover, even if the trial court's intent had not been obvious, no increase in petitioner's sentence resulted from allocating the parole disqualifier among petitioner's convictions in the amended sentence. Petitioner did not receive an increased term; he merely received the same aggregate term as originally imposed, only properly allocated in accord with the law. As discussed above, the amended sentence adequately reflects the trial court's original intent that petitioner be ineligible for parole for an aggregate fifteen year period.

Petitioner's additional charge that the resentencing was motivated by the trial court's desire for self-vindication is an unwarranted and baseless charge. The record is void of any indications of vindictiveness and petitioner offers no valid support for his accusations.

Thus, petitioner's two arguments, as to the trial court's original intent and the double jeopardy violation, are both without merit. There are no grounds for habeas corpus relief where the amended judgment is within the bounds set by state law and where no constitutional violation has occurred. *See United States ex rel. Sluder v. Brantley,* 454 F.2d 1266, 1269 (7th Cir. 1972).

Accordingly, for the reasons set forth above, the petition for habeas corpus is denied.