243 N.J. Super. 636 (1990)
581 A.2d 115
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CHRISTOPHER KIRK, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 10, 1990.
Decided October 11, 1990.
*638 Before Judges DREIER and ASHBEY.
Abby P. Schwartz, Assistant Deputy Public Defender argued the cause for appellant (Wilfredo Caraballo, Public Defender, Debra Ann Murphy, of counsel and on the letter-brief).
Annmarie Cozzi, Deputy Attorney General argued the cause for respondent (Robert J. Del Tufo, Attorney General, Annmarie Cozzi, of counsel and on the letter-brief).
The opinion of the court was delivered by DREIER, J.A.D.
Defendant has appealed from his sentence imposed after the second remand of this case to the Law Division. Defendant had initially been sentenced by the trial judge to a term of 15 years with a five-year parole disqualifier for what the judge determined to be defendant's second Graves Act conviction. His conviction, however, was overturned on an evidence issue, and defendant was thereafter retried. After defendant's reconviction, the court imposed a sentence of eight years with a four-year period of parole ineligibility (with a concurrent 18-month sentence on another count[1]). The judge imposed the more lenient sentence because of an intervening change in the *639 law defining which convictions would be considered as subsequent Graves Act offenses under N.J.S.A. 2C:43-6c. This will be discussed in more detail, infra.
After a second appeal, challenging the procedure used to remove an allegedly tainted juror as well as the term of the mandatory minimum sentence imposed, we again remanded the matter, this time to have the trial judge express his reasons for exceeding both the minimum mandatory first offender Graves Act sentence and the presumptive sentence. In our 1988 opinion on this second appeal, we further noted that while the State had not filed any cross-appeal, it had suggested that the mandatory Graves Act second offender sentence should have been imposed. In our remand, we summarized our response to the State's position as stated during its oral argument:
We there stated [at the oral argument] that the State had taken no cross-appeal, nor had the issue been briefed, and directed that the matter be the subject of an appropriate application to the trial judge. Since the sentencing must be reconsidered in any event, the trial court should approach its sentencing duties anew, following the statutory standards. See State v. Kruse, 105 N.J. 354, 359-360, 521 A.2d 836 (1987). (A-1658-86T4, slip opinion of Feb. 24, 1988, at 12).
The trial judge's three sentencing decisions in this case involved the same issue of Graves Act first or second offender status which has now been the subject of three reported opinions. State v. Windsor, 205 N.J. Super. 450, 501 A.2d 194 (Law Div. 1985); State v. Lightfoot, 208 N.J. Super. 475, 479, 506 A.2d 363 (App.Div. 1986), overruling State v. Windsor; and State v. Hawks, 114 N.J. 359, 554 A.2d 1330 (1989), overruling State v. Lightfoot, and affirming the Appellate Division decision in Hawks reported at 214 N.J. Super. 430, 519 A.2d 922 (App.Div. 1986), with the author of Windsor concurring, but with the author of Lightfoot dissenting. The trial judge in the case before us followed the then-existing case law in each of the three sentences he imposed on defendant. The judge initially relied on State v. Windsor in sentencing defendant as a Graves Act second offender. After Windsor was overruled, the judge *640 properly found himself bound by Lightfoot and imposed a Graves Act first offender sentence.
When we remanded for the second time in 1988, the trial judge was faced with the conflicting Appellate Division decisions in Hawks and Lightfoot. Since defendant's sentence as either a first or second Graves Act offender had already been made consecutive to another sentence defendant was already serving, and thus his incarceration for a considerable period was assured, the trial judge determined to wait until the conflict in the reported decisions was resolved by the pending appeal to the Supreme Court in the Hawks case. This required the resentencing to be continued for a period in excess of a year. Once it became clear from the 1989 Supreme Court decision in Hawks that defendant should have been sentenced as a Graves Act second offender (as he had been after the first trial), the trial judge finally reimposed the sentence of 15 years with a five-year parole disqualifier.
On this appeal defendant raises two points:
Point I
The higher sentence imposed upon defendant is fundamentally unfair and violates defendant's constitutional right to due process under the fourteenth amendment of the Federal Constitution and Article I, Par. 1 of the State Constitution.
A. The State should have been barred from bringing its motion requesting defendant be sentenced to an extended term.
B. Defendant's constitutional right to due process was violated for it was in response to Mr. Kirk's exercise of his constitutional right to appeal that the appellate court, in its directive remand, raised the issue of the imposition of an extended term to the trial court's attention.
POINT II
The higher sentence imposed upon defendant violates the Federal and State constitutional bars against double jeopardy because defendant had already begun serving his sentence when the higher sentence was imposed.
First, as recognized by defense counsel at oral argument, there is no element here of vindictiveness in the trial judge's sentence. The sentence was the same as he originally imposed before the dispute concerning the application of N.J.S.A. 2C:43-6c required him to sentence defendant as a first *641 offender after the interim appeal. We thus see no violation of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).[2]
The real issue before us is whether defendant had an expectation of finality in the lesser sentence, legal when imposed, but too lenient under the Supreme Court's opinion in Hawks. This issue has been recently explored in depth in a slightly different context by Judge Keefe in State v. Towey, ___ N.J. Super. ___ (App.Div. 1990) (Towey II) (after the remand of the matter by the Supreme Court, State v. Towey, 114 N.J. 69, 552 A.2d 994 (1989) (Towey I) and resentencing by the trial court). Also implicated is the statement by the Supreme Court in State v. Rodriguez, 97 N.J. 263, 277, 478 A.2d 408 (1984). Rodriguez involved a remand for resentencing. The Court held that the defendant could
be resentenced without offending constitutional principles of double jeopardy, notwithstanding his initial commencement of the sentencing term, providing that any new sentence is in accordance with the substantive punishment standards under the Code and not in excess of the sentence originally imposed. [97 N.J. at 277, 478 A.2d 408; emphasis supplied].[3]
As noted in the Supreme Court's opinion in Towey I, defendant was sentenced to a term of 10 years, the minimum term in the first degree sentence range. N.J.S.A. 2C:43-6a(1). However, the trial court imposed the maximum period of parole ineligibility permissible under the Graves Act, five years (one half of the custodial term). The Supreme Court remanded *642 because of the inherent inconsistency between the high mandatory minimum and the low overall maximum terms imposed by the court. On remand, the sentencing judge imposed the presumptive 15-year prison term, with the minimum period of parole ineligibility, one third of the base sentence, or five years. In his reapplication to this court cited above, the Towey defendant raised the same arguments as has the defendant in the case before us, namely, that the increase in the base term violated the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. In Towey II this court, noting that the trial judge could not constitutionally raise the maximum term, nevertheless permitted the five-year parole disqualifier to stand.
We agree with Judge Keefe's analysis in Towey II that the Double Jeopardy Clause prohibits the increase of the term imposed in a discretionary sentence, see ___ N.J. Super. at ___, ___ A.2d ___ (slip opinion at 14-16). See also State v. Pratts, 145 N.J. Super. 79, 93, 366 A.2d 1327 (App.Div. 1975), aff'd o.b. 71 N.J. 399, 365 A.2d 928 (1976). Yet the case before us does not involve the imposition of a discretionary sentence, but rather a legislatively-mandated term. The question here is whether a court on its own motion may correct an illegal sentence (or more accurately, may refuse to reimpose a sentence contrary to the Supreme Court's interpretation of the statute) when a defendant has been previously sentenced to a lower term. We are mindful of Judge Keefe's admonition in State v. Towey II that a remand for reconsideration of a sentence is
not an invitation to the trial judge to increase the base term. Were we to conclude otherwise, no defendant in this State would challenge the excessiveness of a parole disqualifier for fear that his base term could be increased if an appellate court thought the base sentence was too lenient. In essence, the State would be given an implied right of cross-appeal in a circumstance clearly not envisioned by the Legislature. [___ N.J. Super. at ___, ___ A.2d ___ (slip opinion at 16)].
We concur with Judge Keefe's conclusion that where discretionary terms are being considered, to permit the reopening of the *643 issue of the maximum term which defendant will be required to serve could have a chilling effect upon the taking of meritorious appeals.
But should a defendant have a vested right in an illegal sentence; or should a court constitutionally retain the power to modify the sentence sua sponte, even if it results in a term beyond the maximum originally imposed? We hold that so long as the issue of defendant's sentence is properly before the court, the court may correct an illegal sentence, even by increasing the term.
While the principle that an illegal sentence is always correctable is usually applied at a defendant's request to reduce the sentence, State v. Culver, 23 N.J. 495, 504-511, 129 A.2d 715 (1957), cert. den. 354 U.S. 925, 77 S.Ct. 1387, 1 L.Ed.2d 1441 (1957), we see no reason why it should not equally be applicable to a claim by the State if the court has jurisdiction over the issue. See State v. Laurick, 231 N.J. Super. 464, 474, n. 4, 555 A.2d 1133 (App.Div. 1989), rev'd on other grounds 120 N.J. 1, 575 A.2d 1340 (1990); State v. Johnson, 176 N.J. Super. 1, 6, 421 A.2d 1016 (App.Div. 1980), aff'd o.b. after remand to Resentencing Panel, 88 N.J. 26, 438 A.2d 519 (1981), (and see 182 N.J. Super. 1, 439 A.2d 614 Resentencing Panel 1981); State v. Sheppard, 125 N.J. Super. 332, 336, 310 A.2d 731 (App.Div. 1973), certif. den. 64 N.J. 318, 315 A.2d 407 (1973) (increasing the punishment from probation to jail time); and cf. R. 2:3-1(b)(6), (permitting the State to appeal "as otherwise provided by law"). It has been said (without analysis of authority) that a court may similarly correct such illegal sentences sua sponte. State v. Copeman, 197 N.J. Super. 261, 263-265, 484 A.2d 1250 (App.Div. 1984), where such correction was made on a defendant's appeal after vacating a different increased sentence imposed by the trial judge). And cf. State v. Paladino, 203 N.J. Super. 537, 549, 497 A.2d 562 (App.Div. 1985); State v. James, 165 N.J. Super. 173, 178-179, 397 A.2d 1113 (App.Div. 1979) (where illegal sentences were reduced sua sponte).
*644 The Federal Fifth Amendment cases fully support this conclusion. See e.g., State v. Andersson, 813 F.2d 1450, 1461-1462 (9th Cir.1987), and cases there cited; United States v. Colunga, 786 F.2d 655 (5th Cir.1986); United States v. Crawford, 769 F.2d 253, 256-258 (5th Cir.1985), cert. den. 474 U.S. 1103, 106 S.Ct. 887, 88 L.Ed.2d 922 (1986); United States v. Stevens, 548 F.2d 1360, 1362-1363 (9th Cir.1977), cert. den. 430 U.S. 975, 97 S.Ct. 1666, 52 L.Ed.2d 369 (1977), and cases there cited. See also United States v. DiFrancesco, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980), holding that where a federal statute permitted appellate review of the sentence, a defendant had no reasonable expectation of finality. In Pennsylvania v. Goldhammer, 474 U.S. 28, 106 S.Ct. 353, 88 L.Ed.2d 183 (1985), the Supreme Court determined that in a state sentence, the question turns upon whether the state procedurally could raise the issue of defendant's sentence. Therefore while all of these federal cases make it clear that there is no constitutional impediment to sentencing a defendant to an increased term to correct an illegal sentence, Pennsylvania v. Goldhammer requires a threshold showing that the State's procedural "laws in effect at the time allowed the State to obtain review of the sentences...." 474 U.S. at 31, 106 S.Ct. at 354, 88 L.Ed.2d at 187.
We must therefore focus our inquiry upon whether the Law Division was vested with jurisdiction to correct the sentence. In DiFrancesco and the several Courts of Appeals cases cited, F.R.Crim.P. 35(a) vested the courts with plenary jurisdiction to correct any illegal sentence. Our procedural rules, however, R. 3:22-1 and 3:22-2(c) give the right to seek post-conviction relief for an illegal sentence only to "any person convicted of a crime," i.e., not the State. While R. 3:22-12 states that a "petition to correct an illegal sentence may be filed at any time," the petition referred to is the defendant's post-conviction relief petition filed pursuant to R. 3:22-1.
*645 Here, defendant kept his sentencing issue open when he appealed his sentence, resulting in our 1988 remand. Although he raised only the excessiveness of the terms, this court had the issue of the sentence before it. Since the trial judge was then directed by this court to approach the sentencing of defendant "anew," his authority to resentence to an increased term was rooted in the Appellate Division's authority to effect such a remand. Our authority may be found in N.J.S.A. 2C:44-7, the first sentence of which reads:
Any action taken by the court in imposing sentence shall be subject to review by an appellate court.
This grant of power by the Legislature to the appellate court is at least as broad as the federal grant to trial courts in F.R. Crim.P. 35(a). Furthermore, we can look to Justice Vanderbilt's language in State v. Culver, supra, that the power to correct an illegal sentence is vested in the court irrespective of specific grants of this power. And see Judge Conford's similar analysis of the State's right to appeal an illegal sentence in State v. Sheppard, supra.
We thus determine that since by virtue of defendant's sentence appeal we had jurisdiction to direct the trial judge to reconsider the sentence, the trial judge consequently had the power to correct the then-illegal sentence and impose a more severe sentence in conformity with the current law.
Affirmed.
NOTES
[1] The State has belatedly argued before us that this conviction for possession of a weapon for an illegal purpose was also subject to a mandatory minimum sentence. State v. Connell, 208 N.J. Super. 688, 696, 506 A.2d 829 (App.Div. 1986). This point was raised neither on the second appeal to this court nor on this appeal, nor has defendant ever been apprised of the State's contention in this regard. As to this 18-month sentence, there was an evident expectation of finality, since this conviction had never been appealed nor this sentence questioned. We therefore will not consider the State's arguments.
[2] In the case before us we have no need to consider the vindictiveness issue further. We note, however, that the judge's power to impose the final increased sentence was not dependent upon the initial vacated sentence. As we state herein, in the absence of a vindictiveness claim, a court resentencing on remand is bound only by the appropriate direction of the Legislature or any express direction from the remanding court in imposing an applicable mandatory term.
[3] The defendant was resentenced to a 30-year term for felony murder after separate consecutive sentences of 20 years and 10 years for felony murder and robbery had been vacated for the failure of the trial judge to have merged the robbery conviction into that for felony murder.