606 A.2d 875

STATE OF NEW JERSEY, PLAINTIFF,
v. ROBERT KOCH, DEFENDANT.

Superior Court of New Jersey
Law Division Bergen County

Decided September 20, 1991.

*Robert Wilson,* Assistant Prosecutor for the State.
*Raymond Beam,* for Defendant.

MINUSKIN, J.S.C.

The issue in this case is whether it is proper, following a retrial and reconviction, for a second trial court to increase a defendant's previous illegal sentence, when the defendant did not appeal his original sentence. This court holds that it is.

Initially, defendant was tried and convicted on two counts of theft in violation of *N.J.S.A.* 2C:20–6 and two counts of bad checks in violation of *N.J.S.A.* 2C:21–7. Both crimes are third-degree offenses. He was sentenced to two concurrent terms of four years on the theft charges, and two concurrent terms of nine months on the bad checks charges; the sentences on the bad checks charges were to run consecutively with the sentences on the theft charges. The court's mistaken belief that the bad checks charges were fourth-degree offenses instead of third-degree offenses, accounted for the nine-month sentences.

On appeal, defendant was granted a retrial because the trial judge erroneously refused to recuse himself. Upon retrial, defendant was again convicted. This court imposed a sentence of two concurrent terms of four years on the theft charges, and

two concurrent terms of four years on the bad checks charges, to run consecutively with each other.

Defendant claims that this sentence is improper because it is more severe than the one originally imposed upon his first conviction. He seeks an amendment to the sentence so as to reinstate the original sentence in effect before the retrial. In support of his position, defendant argues that the increased sentence is in violation of the Double Jeopardy Clause, deprives him of due process, and that this court lacks jurisdiction to change the sentence. This court disagrees.

■ The Fifth Amendment guarantee against Double Jeopardy is enforceable against the states through the Fourteenth Amendment. *Benton v. Maryland,* 395 *U.S.* 784, 89 *S.Ct.* 2056, 23 *L.Ed.*2d 707 (1969). New Jersey case law has recognized this tenet and "has consistently followed the principles of the federal Double Jeopardy Clause because it is broader than our State's." *State v. Towey,* 244 *N.J.Super.* 582, 596, 583 *A.*2d 352 (App.Div.1990). *Towey* stands for the proposition that in the area of sentencing, Double Jeopardy Clause violations are analyzed in terms of the defendant's legitimate expectation regarding the finality of his sentence.

In *Towey,* the Appellate Division struck down a trial court's increase of a defendant's base term from ten years to fifteen years as violative of double jeopardy, after the defendant had appealed the correctness of her parole ineligibility period. In reaching its conclusion, the court reasoned that "[c]learly, when defendant filed her appeal she had an expectation that the base prison term of ten years would be preserved while her parole ineligibility term would either be found excessive or affirmed." *Id.* at 598, 583 *A.*2d 352.

■ Although this expectation exists where a defendant challenges his *sentence,* the court noted that a defendant does not have such an expectation where "he challenges underlying convictions which, if successful, destroy the sentencing plan under which he was originally sentenced." *Id.* at 597, 583 *A.*2d

352. Thus New Jersey courts have recognized the principle espoused in federal cases that double jeopardy cannot be invoked upon reconviction to vitiate a harsher sentence, where a defendant has challenged his underlying conviction. *North Carolina v. Pearce*, 395 *U.S.* 711, 89 *S.Ct.* 2072, 23 *L.Ed.*2d 656 (1969); *Stroud v. U.S.*, 251 *U.S.* 15, 40 *S.Ct.* 50, 64 *L.Ed.* 103 (1919). In the matter *sub judice*, where the defendant has challenged his underlying convictions on the theft and bad checks charges, double jeopardy does not bar increasing his sentence following his conviction on the retrial.

Defendant's contention, that his increased sentence violates the Due Process clause of the Fourteenth Amendment, is also without merit.

■ Due process is implicated in resentencing questions because of the possibility that a harsher sentence upon reconviction may reflect a judge's desire to punish a defendant for exercising his right to challenge his conviction. "Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." *Pearce, supra*, 395 *U.S.* at 723, 89 *S.Ct.* at 2079.

■■ To safeguard against unjustifiable punitive sentences following retrial, *Pearce* held that whenever a judge imposes a more severe sentence upon reconviction, the reasons for his doing so must be clearly stated on the record. "These reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." *Id.* at 726, 89 *S.Ct.* at 2081.

In *Pearce*, a state prisoner filed a habeas corpus writ after a North Carolina court had, upon retrial and reconviction of the defendant, imposed a prison term, which, when added to the time he had already spent in prison, amounted to a longer sentence than that originally imposed following his first conviction. The Supreme Court affirmed the Federal District Court

and the Fifth Circuit, which had held that the longer sentence violated due process because the court had failed to articulate reasons for the increased sentence, thus amounting to a punishment of defendant for his having exercised his post-conviction right of review.

■ The case at bar provides an interesting twist on the *Pearce* facts, because defendant's original sentence was an illegal one. Thus, this court is not merely resentencing the defendant; it is correcting a previous illegal sentence. The Supreme Court has recognized that "[t]he Constitution does not require that sentencing should be a game in which the wrong move by a judge means immunity for the prisoner." *Bozza v. United States*, 330 *U.S.* 160, 67 *S.Ct.* 645, 648, 91 *L.Ed.* 818 (1947). Where an illegal sentence has been imposed, neither due process nor double jeopardy will prevent the amendment of the original sentence. *Ervin v. Beyer*, 716 *F.Supp.* 163, 165 (D.N.J.1989), citing *United States v. Busic*, 639 *F.*2d 940, 953 (3 Cir.1981) *cert.* denied, 452 *U.S.* 918, 101 *S.Ct.* 3055, 69 *L.Ed.*2d 422 (1981).

In *Ervin*, defendant was sentenced to fifteen years of parole ineligibility on four robbery counts. He claimed that the judge based the fifteen years on a single count, thus rendering the sentence illegal because it exceeded the statutory maximum of parole ineligibility for a robbery count. The court held that the resentencing to fix the clerical error (to amend the ineligibility to five consecutive years on three counts and five years on one count running concurrently) did not violate the Constitution. The court opined that "an illegal sentence may be corrected at any time, as long as the original intent of the trial court is clear from the record and the correction does not forfeit any substantive rights of the petitioner." *Id.* at 166.

■ New Jersey cases have consistently held that illegal sentences may be corrected at any time. In *State v. Heisler*, 192 *N.J.Super.* 586, 592, 471 *A.*2d 805 (App.Div.1984), the court noted that, "[i]t is well established that a court is free to vacate

an illegal sentence and impose a sentence mandated by law, even when the mandatory sentence is greater than the original illegal sentence." citing *Bozza v. United States, supra,* 330 *U.S.* at 167, 67 *S.Ct.* at 649; *State v. Sheppard,* 125 *N.J.Super.* 332, 310 *A.*2d 731 (App.Div.1973), *certif.* denied 64 *N.J.* 318, 315 *A.*2d 407 (1973).

In *Heisler,* the court struck down a trial court's resentencing of a defendant after he successfully challenged his illegal sentence. Although the Appellate Division recognized the trial court's power to correct and increase the illegal sentence, it held that the imposition of a sentence five times greater than that originally imposed, absent reasons to justify the increase, "penalizes the defendant for successfully challenging the illegal sentence ..." *Id.* 192 *N.J.Super.* at 593, 471 *A.*2d 805. *See also, State v. Matlack,* 49 *N.J.* 491, 231 *A.*2d 369 (1967), holding that clerical errors in sentencing can be corrected at any time; *State v. Sheppard, supra,* 125 *N.J.Super.* at 336, 310 *A.*2d 731, holding that "[i]t is well established that an illegal sentence is correctible at any time ... An illegal sentence becomes inoperative in its entirety and is properly vacated"; *State v. Johnson,* 176 *N.J.Super.* 1, 421 *A.*2d 1016 (App.Div.1980), holding that sentences are appealable by the state for illegality.

The defendant's amended sentence amounts to eight years in State's prison. This is considerably harsher than the four years and nine months of his original sentence. The trial judge sentenced the defendant to what he mistakenly believed to be the presumptive terms on all four counts. Although he sentenced the defendant as if the bad checks charges were fourth-degree offenses instead of third-degree ones, he clearly intended the sentence to reflect the appropriate presumptive terms. This court is echoing the original trial court's intentions, and is changing defendant's sentence only insofar as it is giving him the correct sentence for a third-degree crime.

This court holds that it is not a violation of due process to resentence a defendant to a more severe sentence following

a retrial, where the resentencing merely corrects a previously illegal sentence in order to comply with the original trial court's intentions.

This principle is not only implied in federal and state case law, but it is also imposed upon the court by our court rules. "If a judgment of conviction is reversed for error in or for excessiveness or leniency of sentence, the appellate court may impose such sentence as should have been imposed or *may remand the matter to the trial court for proper sentence. R.* 2:10–3. (Emphasis added) Accordingly, if this court were to impose the same sentence as the original trial court, the sentence would be appealable by the State for illegality, and it would be within the Appellate Division's power to remand it for correction.

■ Defendant's final contention is that this court does not have jurisdiction over his sentence. He maintains that *Pennsylvania v. Goldhammer,* 474 *U.S.* 28, 106 *S.Ct.* 353, 88 *L.Ed.*2d 183 (1985), requires a threshold showing that the State's procedural laws allow the State to obtain review of an illegal sentence. The defendant points to *R.* 3:22–1 and 3:22–2(c), which give the right to seek post-conviction relief for an illegal sentence only to "any person convicted of a crime." Since the rule only mentions those convicted of crimes, the defendant maintains that it does not provide for the *State's* petition to correct an illegal sentence. Hence, he implies, if defendant did not bring the issue of his sentence before the trial court, the court has no jurisdiction to hear the matter.

This argument is inapposite with the facts of this case. Neither the State nor the defendant has petitioned this court to correct an illegal sentence. The defendant challenged his underlying conviction, and he was retried and reconvicted before this court. Following his reconviction, he comes before this court to be sentenced. He has no legitimate expectation of the finality of his original sentence. The procedural issue that defendant raises is only relevant in cases where the *sentence*

alone, not the underlying conviction, is being challenged. It would offend common sense to hold that a court that retried a defendant does not have the jurisdiction to resentence him.

Our courts have recognized that "so long as the issue of a defendant's sentence is properly before the court, the court may correct an illegal sentence, even by increasing the term." *State v. Kirk*, 243 *N.J.Super.* 636, 643, 581 *A.*2d 115 (App.Div. 1990).[1] Therefore, this court has jurisdiction and its sentence is in accordance with the original trial court's intentions. Defendant's motion to amend his sentence is hereby denied.

---

[1]Since this court concludes that it has jurisdiction over defendant's sentence, it is germane to note that *Kirk* went on to hold that "[w]hile the principle that an illegal sentence is always correctible is usually applied at a *defendant's* (emphasis added) request to reduce the sentence, we see no reason why it should not be equally applicable to a claim by the *State* (emphasis added) if the court has jurisdiction over the issue." *Id.* at 643, 581 *A.*2d 115.