197 N.J. Super. 261 (1984)
484 A.2d 1250
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
DENNIS COPEMAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 19, 1984.
Decided February 2, 1984.
*262 Before Judges J.H. COLEMAN and GAULKIN.
Joseph H. Rodriguez, Public Defender, attorney for appellant (Sheri H. Tanne, Assistant Deputy Public Defender, on the brief).
Irwin I. Kimmelman, Attorney General, attorney for respondent (Linda K. Calloway, Deputy Attorney General, of counsel).
PER CURIAM.
Pursuant to a plea agreement, defendant pleaded guilty to second-degree aggravated assault (N.J.S.A. 2C:12-1b(1)) and third-degree unlawful possession of a handgun (N.J.S.A. 2C:39-5b). The State agreed to recommend concurrent sentences and dismissal of seven other charges in the same indictment. Before accepting the plea, the sentencing judge advised defendant that he was exposed to up to ten years of imprisonment and *263 that "under the law there is a mandatory provision" of three years imprisonment. See N.J.S.A. 2C:43-6c. On November 13, 1981 defendant was sentenced to a five year custodial term for aggravated assault and a concurrent three year term for possession of the gun; no minimum term was imposed under N.J.S.A. 2C:43-6c.
Defendant had apparently commenced serving that sentence when, on January 29, 1982, the sentencing judge called defendant and both counsel back to ask the prosecutor "to move the sentence to be corrected." The judge indicated that he had received a letter dated January 22, 1982 from the Administrative Director of the Courts advising that "a review of the criminal history in this case further indicates that a mandatory extended term for a person previously convicted of an offense involving the use or possession of a firearm, including a minimum parole ineligibility term may also have been required under authority of Chapter 31 of the Laws of 1981." See N.J.S.A. 2C:44-3d. After hearing oral argument from counsel and defendant's allocution, the judge resentenced defendant on the aggravated assault conviction, in obedience to the perceived mandate of the Administrative Director or N.J.S.A. 2C:44-3d, to an extended term of ten years with five years of parole ineligibility. The three year concurrent sentence originally imposed for unlawful possession of a weapon was reimposed.
On this appeal defendant urges that the increased sentence "violated defendant's right to be free of double jeopardy."[1] The State responds that jeopardy considerations do not bar the correction of an illegal sentence by the imposition of a statutorily mandated greater term. State v. Sheppard, 125 N.J. Super. 332 (App.Div. 1973), certif. den. 64 N.J. 318 (1973). While the proposition of law urged by the State is correct, we find that N.J.S.A. 2C:44-3d did not require the imposition of an extended *264 term in this case[2] and that it was error for the sentencing judge to resentence defendant to such a term.
The extended term was ostensibly imposed at resentencing on the basis of defendant's 1952 conviction in New York for robbery while armed with a gun, a matter disclosed in the presentence report prepared for the original sentencing. N.J.S.A. 2C:44-3 provides that "[i]f the grounds specified in subsection d. are found ... the court shall sentence the defendant to an extended term as required by 2C:43-6c...." Subsection d. specifies these grounds:
The defendant is at least 18 years of age and has been previously convicted of any of the following crimes: 2C:11-3, 2C:11-4, 2C:12-1b., 2C:13-1, 2C:14-2a., 2C:14-3a., 2C:15-1, 2C:18-2, 2C:29-5, 2C:39-4a., or has been previously convicted of an offense under Title 2A of the New Jersey Statutes which is equivalent of the offenses enumerated in this subsection and he used or possessed a firearm, as defined in 2C:39-1f., in the course of committing or attempting to commit any of these crimes, including the immediate flight therefrom.
The third paragraph of N.J.S.A. 2C:43-6c provides:
A person who has been convicted of an offense enumerated by this subsection and who used or possessed a firearm during its commission, attempted commission or flight therefrom and who has been previously convicted of an offense involving the use or possession of a firearm as defined in 2C:44-3d., shall be sentenced by the court to an extended term as authorized by 2C:43-7c., notwithstanding that extended terms are ordinarily discretionary with the court.
Defendant was convicted of aggravated assault (N.J.S.A. 2C:12-1b), "an offense enumerated by [N.J.S.A. 2C:43-6c]," and "used or possessed a firearm" during the commission of the offense, but he was not "previously convicted of an offense involving the use or possession of a firearm as defined in 2C:44-3d." N.J.S.A. 2C:44-3d is precise and unambiguous in its definition of the prior crimes which mandate imposition of an extended term. Certain Title 2C offenses are specified and any other offense "under Title 2A of the New Jersey Statutes which is equivalent of the offenses enumerated in this subsection...." *265 No other offenses are included; subsection d. does not allow equivalent offenses under the laws of foreign jurisdictions to trigger the mandatory extended term provision. A conviction in another jurisdiction can support a discretionary imposition of an extended term. See N.J.S.A. 2C:44-3a; N.J.S.A. 2C:44-4c. But the mandatory imposition of an extended term under N.J.S.A. 2C:44-3d and N.J.S.A. 2C:43-6c cannot be based upon a foreign conviction. Compare N.J.S.A. 2C:44-3d with N.J.S.A. 2C:14-6. Since the extended term was not required by law, defendant could not be resentenced to such a term after he had commenced serving his original sentence. State v. Ryan, 86 N.J. 1 (1981), cert. den. 454 U.S. 880, 102 S.Ct. 363, 70 L.Ed.2d 190 (1981).
However, the original sentence was flawed because it failed to include the three year parole ineligibility term mandated by the first paragraph of N.J.S.A. 2C:43-6c, which directs the imposition of a custodial sentence, with a parole ineligibility term, upon a finding that defendant "used or was in possession of a firearm" in the course of committing an enumerated offense.
We therefore must vacate the sentence imposed at resentencing and direct that an amended judgment of conviction be entered as follows:
On the conviction for aggravated assault in violation of N.J.S.A. 2C:12-1b(1), as charged in Count Two of Bergen County Indictment S-361-81, defendant is committed to the custody of the Commissioner of the Department of Corrections for a term of five years, which term includes the imposition of a minimum term of three years during which defendant shall be ineligible for parole. On the conviction for unlawful possession of a weapon in violation of N.J.S.A. 2C:39-5b, as charged in Count Four of Bergen County Indictment S-361-81, defendant is committed to the custody of the Commissioner of the Department of Corrections for a term of three years, which sentence shall be served concurrently with the sentence imposed on Count Two of that indictment.
In light of this disposition, we need not consider defendant's further contention that "the resentencing procedure did not meet statutory and procedural requirements."
*266 The sentence is vacated and the matter remanded for the entry of an amended judgment in accordance herewith.
NOTES
[1] Defendant notes also that the increased sentence "was clearly outside the bounds of the plea bargain," but "waives this issue and requests that the Court not vacate the guilty plea."
[2] The construction of N.J.S.A. 2C:44-3d was argued before the trial court, but was not raised on appeal. We nevertheless choose to consider the issue sua sponte.