# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2142-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent.

v.

FREDDIE L. GRAHAM,

    Defendant-Appellant.

_____

Submitted September 30, 2025 – Decided November 17, 2025

Before Judges Gooden Brown and Torregrossa-O'Connor.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 07-03-0298.

Freddie L. Graham, appellant pro se.

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Ali Y. Ozbek, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Freddie L. Graham appeals from the November 29, 2023 Law Division order denying his motion to correct an illegal sentence. We affirm.

Following a 2008 jury trial, defendant was convicted of first-degree armed robbery, first-degree aggravated sexual assault, and related weapons offenses stemming from a brutal attack that left the victim in a coma. He was sentenced as a persistent offender under N.J.S.A. 2C:44-3(a) to an aggregate extended term of thirty years in prison, subject to an eighty-five percent period of parole ineligibility pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.[1]

In an unpublished opinion, we affirmed defendant's convictions and sentence on direct appeal, and the Supreme Court denied certification. State v. Graham, No. A-4843-08 (App. Div. Apr. 8, 2011) (slip op. at 16), certif. denied, 208 N.J. 339 (2011). In our opinion, which we incorporate by reference, we rejected defendant's "excessive" sentence argument and noted defendant "concede[d] that he was eligible for extended term sentencing as a persistent offender." Id. at 16 (citing N.J.S.A. 2C:44-3(a)).

We also affirmed the denial of defendant's subsequent petition for post-conviction relief (PCR) and the Supreme Court denied certification. State v. Graham, No. A-0479-14 (App. Div. Nov. 21, 2016) (slip op. at 18), certif.

_____

[1] The extended term was imposed on the aggravated sexual assault offense.

denied, No. 078755 (Mar. 23, 2017).  We addressed defendant's challenge to his sentence as follows:

> Defendant also claims that his NERA sentence was illegal and the trial court erred by imposing an extended term sentence because the State failed to provide written notice of its intention to seek an extended term. R. 3:21-4.  Defendant's arguments are without sufficient merit to warrant discussion in a written opinion, Rule 2:11-3(e)(2), and are otherwise barred by Rule 3:22-4(a) and Rule 3:22-5 because they were, or could have been, raised on defendant's direct appeal.
>
> [Ibid.]

Defendant then moved to correct an illegal sentence pursuant to Rule 3:21-10(b)(4) or (5).  In a supporting certification, defendant asserted his extended term sentence was illegal because it was predicated on "foreign convictions" from "other jurisdictions."  However, during oral argument before the motion judge on November 29, 2023, defendant conceded that he was eligible for an extended term sentence based on the foreign convictions.  See State v. Copeman, 197 N.J. Super. 261, 265 (App. Div. 1984) ("A conviction in another jurisdiction can support a discretionary imposition of an extended term." (citing N.J.S.A. 2C:44-3(a) and N.J.S.A. 2C:44-4(c))).

Altering his argument, defendant then asserted his sentence was illegal because his convictions were not subject to NERA.  In an oral opinion, the judge

3

rejected defendant's contention, explaining that "NERA [was] triggered based on the crime," and first-degree aggravated sexual assault, N.J.S.A. 2C:14-2, and first-degree robbery, N.J.S.A. 2C:15-1, for which defendant was found guilty, were enumerated offenses subject to NERA under N.J.S.A. 2C:43-7.2(d). See State v. Njango, 247 N.J. 533, 546 (2021) ("N.J.S.A. 2C:43-7.2(a) provides that a court sentencing a defendant to a term of incarceration for a first-or second-degree crime enumerated in subsection (d) 'shall fix a minimum term of 85% of the sentence imposed, during which the defendant shall not be eligible for parole.'"). In essence, the judge denied defendant's motion because there were no justifiable grounds upon which to vacate his sentence and entered a memorializing order to that effect. This appeal followed.

On appeal, defendant reprises the argument rejected by the judge as follows:

> THE PCR COURT ERRED BY FAILURE TO CORRECT DEFENDANT'S EXTENDED TERM ERRONEOUSLY IMPOSED BY THE TRIAL COURT BASED UPON FOREIGN CONVICTIONS, BECAUSE THE EXTENDED TERM IS NOT REQUIRED BY LAW THIS COURT SHOULD VACATE THE EXTENDED TERM UNDER RULE 3:21-10(b)(4)(5), AND REMAND FOR RESENTENCING.

A motion to correct an illegal sentence may be filed at any time. R. 3:21-10(b)(5); State v. Schubert, 212 N.J. 295, 309 (2012). An illegal sentence "exceed[s] the penalties authorized by statute for a specific offense." State v. Murray, 162 N.J. 240, 246 (2000) (citing State v. Clark, 65 N.J. 426, 436-37 (1974)). "A sentence may also be illegal because it was not imposed in accordance with law. This category includes sentences that, although not in excess of the statutory maximum penalty," are not authorized by statute. Murray, 162 N.J. at 247. "In addition, a sentence may not be in accordance with law because it fails to satisfy required presentencing conditions" or "fails to include a legislatively mandated term of parole ineligibility." Ibid. We review de novo the trial court's finding that a sentence is legal. Schubert, 212 N.J. at 303-04.

Based on our de novo review of the record, we discern no error in the judge's ruling and affirm substantially for the reasons stated by the judge in his oral opinion. In that regard, the arguments raised by defendant in his merits brief lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

In his reply brief, defendant raises State v. Carlton, 480 N.J. Super. 311 (App. Div. 2024), certif. granted, 260 N.J. 478 (2025), to support his argument

5

that "his extended term sentence based upon foreign convictions is illegal" and should be vacated. Carlton comes on the heels of Erlinger, in which the United States Supreme Court held that "the Fifth and Sixth Amendments generally guarantee a defendant the right to have a unanimous jury find beyond a reasonable doubt any fact that increases his [or her] exposure to punishment." Erlinger v. United States, 602 U.S. 821, 828 (2024). The Supreme Court further stated that "[v]irtually 'any fact' that 'increase[s] the prescribed range of penalties to which a criminal defendant is exposed' must be resolved by a unanimous jury beyond a reasonable doubt (or freely admitted in a guilty plea)." Id. at 834 (second alteration in original) (quoting Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)).

In Carlton, we acknowledged that Erlinger abrogated the Rule that had allowed a sentencing court to determine the factual predicates for eligibility for enhanced sentencing under the persistent offender statute. Carlton, 480 N.J. Super. at 326-27. We held that "a unanimous jury must find beyond a reasonable doubt that all five of the [required] factual predicates are present, or the defendant must admit these predicates as part of a knowing and voluntary waiver

of the right to a jury trial with respect to extended-term eligibility." Id. at 328-29.[2]

However, in Carlton, we concluded that the application of Erlinger's holding to the persistent offender statute, N.J.S.A. 2C:44-3(a), applied retroactively to pipeline cases only. 480 N.J. Super. at 326-27. Despite the Erlinger majority's explanation that it was relying on established constitutional principles, 602 U.S. at 838-39, that holding "abrogate[d] New Jersey Supreme Court precedent that embraced a contrary interpretation of the Apprendi doctrine, State v. Pierce, 188 N.J. 155 (2006)." Carlton, 480 N.J. Super. at 317.

---

[2] The five factual predicates are:

> (1) the defendant must have been [twenty-one] years of age or older at the time . . . [he committed the crime for which the extended term is sought]; (2) the defendant must have been previously convicted of [the] predicate crimes on at least two separate occasions . . . ; (3) the defendant must have committed the prior crimes at different times; (4) the defendant must have been at least [eighteen] years of age when the prior crimes were committed; and (5) the latest of the prior crimes, or the date of the defendant's release from confinement when applicable, whichever is later, is within ten years of the date of the crime for which the defendant is being sentenced.
>
> [Carlton, 480 N.J. Super. at 327-28 (emphasis omitted) (citing N.J.S.A. 2C:44-3(a)).]

A-2142-23

Our Supreme Court has reached a similar conclusion in relation to new Rules affecting our sentencing scheme. See, e.g., State v. Natale, 184 N.J. 458, 494 (2005) (affording pipeline retroactivity to Blakely v. Washington, 524 U.S. 296 (2004)); State v. Grate, 220 N.J. 317, 335 (2015) (affording pipeline retroactivity to Alleyne v. United States, 570 U.S. 99 (2013)). Pipeline retroactivity "best balances principles of fairness and repose," while "[f]ull retroactivity would overwhelm our courts with resentencings and impose a devastating burden on the judiciary." Natale, 184 N.J. at 494.

Because defendant's direct appeal ended in 2011, when our Supreme Court denied certification, State v. Graham, 208 N.J. 339 (2011), Erlinger does not apply to him.[3]

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

---

[3] Defendant also argues that his prior convictions were too old to support imposition of an extended term under N.J.S.A. 2C:44-3(a). The text of the statute permits a prior conviction to qualify if "the latest in time of these crimes or the date of the defendant's last release from confinement, whichever is later, is within [ten] years of the date of the crime for which the defendant is being sentenced." N.J.S.A. 2C:44-3(a). In Carlton, we held that the relevant date is calculated by reference to the latest of the prior crimes. 480 N.J. Super. at 328. Here, defendant was convicted of possession of a controlled dangerous substance occurring on September 5, 2003, and had been convicted of multiple crimes occurring between 1992 and 1993. Because the drug conviction occurred in 2003, and the instant offense occurred in 2006, the ten-year timing element is satisfied.